## JOSEPH BERRY *vs.* ELKANAH SPEAR.

In computing the three months within which an extent on lands is required by the statute to be recorded, the day on which the levy is made should not be included.

Where it appears from the record of a judgment, by inspection of the respective dates, that the writ was not made until after the return of an officer, on the back thereof, of an attachment of real estate, such attachment is void.

An officer will not be permitted to amend a return of an attachment of real estate upon a writ by altering the date thereof, when the rights of third persons have intervened.

THIS was a writ of entry on the demandants' own seisin, and was tried, upon the general issue, in the Court of Common Pleas, before *Smith J.* The demandant claimed title under the levy of an execution in favor of the *Thomaston Bank* against *Halsey Healey*, and a deed from the *Bank* to him. The writ was dated *January* 23, 1830 ; the officer's return, attaching the demanded premises, was dated the same day ; the judgment was rendered at the *August* term of the C. C. Pleas, 1830 ; the execution was levied on the 10th of *September*, 1830 ; and the levy recorded, on the 10th of *December* following. The tenant claimed title under the levy of an execution in favor of *John Dresser* upon the same premises, as the property of said *Healey*, and a convey-

ance of *Dresser's* interest to him.  The writ in favor of *Dresser* against *Healey* was dated on the eighteenth day of *January*, 1830; the attachment of the premises by the officer on the writ was dated the eighth day of the same *January*; judgment was rendered at the *April Term* of the C. C. Pleas, 1831 ; the levy was made within thirty days and seasonably recorded.

The counsel for the tenant contended, that the attachment made on the writ in favor of *Dresser* was valid, and being prior to that of the *Bank*, would hold the estate.

The Judge ruled, that it did not appear by the said return, dated the 8th of *January*, 1830, which was before the date of the writ, that the attachment on *Dresser's* writ was prior to the attachment made on the writ of the *Bank*.  The tenant then offered to prove by the attorney, who made the writ, that the writ of *Dresser* was actually made on the 18th of *January*, and by him handed to an officer on the same day with directions to attach immediately all the real estate of said *Healey;* and that on the back of the writ, where the return now is, it was then entirely blank, without any words or figures thereon.  This evidence was rejected by the Judge.  The tenant then moved for leave to be granted to the officer to amend said return, so that it should read 18th, instead of 8th of *January*.  But the Judge overruled this motion.

The counsel for the tenant then requested the Judge to instruct the jury, that the levy of the *Bank* against *Healey*, bearing date the 10th of *September* and not having been recorded until the 10th of *December*, was not in season, and was void, as it respected those claiming under the levy of said *Dresser*.  The Judge declined so instructing them, and did instruct them, that the levy of the *Bank* was seasonably recorded, and that the demandant was entitled to recover.

A verdict was returned for the demandant.

To all these rulings and opinions of the Judge, the tenant excepted.

*F. Allen* and *Cilley*, for the tenant, contended ; that as both parties claimed from *Healey* by levies, and the tenant's attachment was first in the order of time, this must prevail if valid. The return of the officer is, that by virtue of the within writ he

attached the land. This is made under oath, and is to be treated as a record, and cannot be shewn to be untrue in controversies between third persons. But the date of the writ is immaterial, when the Court, as in this case, was rightly described without it. If there had been no date, or an impossible one, it would not have made the writ or the attachment void. It is not necessary, that the writ should pursue the precise outline of the form of writs given in the statute. *Cook* v. *Gibbs*, 3 *Mass. R.* 193; *Wood* v. *Ross*, 11 *Mass. R.* 276. The date is immaterial, and the return fixes the true time, when the writ was sued out, and the attachment holds good from that time. Even the test of a writ by the first Justice, although a provision of the constitution of *Massachusetts*, was there held to be mere matter of form. All irregularities in the process must be taken advantage of by motion or plea of abatement in the first stages of the process. *Ripley* v. *Warren*, 2 *Pick.* 592; *Prescott* v. *Tufts*, 7 *Mass. R.* 209. This error in date was nothing more, than an irregularity, which the defendant in the action might waive, and did waive by appearing in the action, and then suffering the judgment against him.

The motion to amend is not abandoned, though considered of less importance, than the other objections to the Judge's decisions.

The levy of the *Bank* was not recorded in season. The words of the *statute* are " within three months." As the levy could be recorded on the same day that it was made, that must be included. The tenth of *December* therefore must be excluded, or the creditor would have more than three months. *Presbrey* v. *Williams*, 15 *Mass. R.* 193.

*E. Smith* and *Farley*, for the demandant, remarked, that the case shew, that the main ground now assumed in defence was wholly different from that taken at the Common Pleas, and wholly inconsistent with it. If the Court of Common Pleas decided rightly, on the case before them, there should be judgment on the verdict.

The return was made on the eighth of *January*, before the writ was made, on a mere blank. If amending a writ, so as to introduce any new cause of action destroys an attachment, much

more should making the whole writ do it.   Whatever may be written on a blank piece of paper by an officer, it is no return.

The attempt to prove the officer's return wrong in date is abandoned, and a directly contrary course now taken.

Nor is the motion for leave to amend scarcely insisted on. The authorities are clear against the right.   *Means v. Osgood,* 7 *Greenl.* 146 ; *Thacher v. Miller,* 13 *Mass. R.* 270.

The day on which the levy was made cannot be included, because the levy might be made on the last moment of the day. The statute contemplates, that the creditor should have his full three months.

But the tenant has no right to contest this question.   His attachment was void, and his levy was not made until long after ours had been recorded.   *McLellan v. Whitney,* 15 *Mass. R.* 137.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — Both parties claim under the title of *Halsey Healy.*   The demandant makes out a title derived from him, the legal operation of which commenced on the twenty third of *Jan.* 1830, provided the levy of the *Thomaston Bank,* his immediate grantors, was seasonably recorded.   The levy of the execution on the real estate in controversy, was made on the tenth of *Sept.* and it was recorded on the tenth of *Dec.* 1830.   The statute requires, that this should be done within three months of the levy. In the computation of time, there is no settled and uniform rule, whether the *terminus a quo* shall be included.   It is excluded in instruments for the payment of money, in a certain number of days.   According to the reasoning of the court, in *Presbrey et als. v. Williams,* 15 *Mass. R.* 193, it should be included ; for there is no doubt but the levy might have been recorded on the day it was made.   We have been referred to no authority directly in point ; and the decisions have been so various, *that we have* no settled principles for our guide.   We have no doubt the statute intended to give the levying creditor full three months, within which to record his levy.   The whole or the greater part of the day of the levy may be, and usually is consumed in examining the land, making the appraisement, and completing the return.

If that day is computed as part of the three months, the creditor will not be allowed that full period, after his levy is in a condition to be recorded. And upon the whole, our opinion is, that the registry on the tenth of *Dec.* was seasonable under the statute. And if it had not been, there having been no intervening attachment, levy or purchase, the title of the attaching creditor could not have been defeated upon this objection, according to the case of *McLellan* v. *Whitney, 15 Mass. R.* 138.

The demandant having made out his title must prevail, unless the tenant, who claims also under *Healey,* can show that his title commences from an earlier date. He shows an attachment by *John Dresser,* under whom he claims, which purports to have been made on the eighth of *Jan.* 1830, and if this point is established, or he can show a lawful attachment, prior to the twenty-third of the same *January,* such proceedings have been had, as would give effect to *Dresser's* attachment. But *Dresser's* writ is dated the eighteenth of *January,* upon which a service is returned as having been made on the eighth. Both cannot be right. It is said however, that this was matter in abatement; and that the judgment which followed was rendered by the consent of *Healey,* the defendant. That judgment was doubtless valid against him; but other attaching creditors have a right to require, that it should be made to appear affirmatively, that *Dresser's* attachment had precedence of theirs. The writ necessarily precedes the service. It is a part of the record, and it has an equal claim to the verity, which belongs to that species of evidence. It may be within the power of the court to order an amendment, either of the writ or the return.

The counsel for the tenant insists, that the date of the writ is right, and that of the service wrong; and he offers to prove it by the attorney by whom the writ was made. Upon the facts of the case, two inquiries are presented; first, whether *Dresser's* attachment, as the record stands, appears to have been prior to that of the *Thomaston Bank;* and secondly, whether the court below should have received the testimony, and allowed the amendment proposed. We are of opinion, that as the service could not have been made before the date of the writ, if made after, it is entirely uncertain as it stands, when it was made; and

therefore that it cannot have precedence of the bank attachment, about which there is no uncertainty. And we are further of opinion, that the rights of other attaching creditors having intervened, the presiding Judge properly refused to permit the officer's return to be amended. This question was fully considered and settled in *Means et al. v. Osgood,* 7 *Greenl.* 146. The exceptions are accordingly overruled.

*Judgment on the verdict.*