Shirley *v.* Phillips et al.

---

THOMAS SHIRLEY, Appellant, *v.* THEODORE F. PHILLIPS *et al.,*
Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An execution against William K. cannot bind the goods of Benjamin K. against
a purchaser in good faith, although the judgment and execution were intended
for Benjamin, as the real person.

An amendment of the judgment cannot retroäct against such purchaser, or affect
intervening rights acquired between the rendition and amendment of the judg-
ment.

THE proceedings in this case were had before J. M. WILSON,
Judge, of the Common Pleas Court.   The facts are stated in the
opinion.

H. E. SEELYE, for Appellant.

J. KEDZIE, for Appellees.

SKINNER, J.   Shirley, the appellant, and Phillips and others,
the appellees, entered their appearance in the court below, upon
an agreed case, substantially as follows: On the 16th of Novem-
ber, 1855, the appellees, being the holders of a promissory note
against *Benjamin* Kroger with a warrant of attorney to confess
judgment thereon, entered judgment on the same in the Cook
County Court of Common Pleas.   The declaration alleged the
cause of action against *Benjamin* Kroger.   The cognovit, or
plea of confession, was in the name of *William* Kroger, as also
the filing of the papers, and the docketing of the case, and the
judgment was rendered against *William* Kroger.   On the 20th,
execution issued upon the judgment against *William* Kroger, and
was on the same day delivered to the sheriff to execute, who,

on the 21st, levied the same upon certain goods, in the possession of the appellant, as the property of *Benjamin* Kroger. On the 20th, but *after* the delivery of the execution to the sheriff, *Benjamin* Kroger assigned and delivered the goods to the appellant, in trust for the payment of his debts generally. By mutual arrangement of the parties in interest, it was agreed that appellant should hold and convert the goods into money, and hold the same subject to such disposition as should be directed by the court upon an agreed case. On the 22nd, on motion of the attorney who appeared for Kroger under the warrant of attorney and filed the plea of confession, and without notice to Kroger or Shirley, the court amended the plea, filing of the papers and judgment order, by striking out the word *William*, and inserting the word *Benjamin*, wherever it occurred. Neither Kroger nor Shirley had notice of the rendition of the judgment at the time of the making of the assignment. The goods were converted into money and amounted to enough to satisfy the execution. Both parties reserved the right of appeal. Upon this agreed case the court below decreed that appellant, out of the proceeds of the goods, pay off the execution of appellees, and from this decree the appellant appealed.

Our statute provides, that "no execution shall bind the property of the goods and chattels of any person against whom such writ shall be issued, until such writ shall be delivered to the sheriff or other officer, to be executed." R. S. 301, Sec. 8. Our law also provides for the keeping of a judgment docket, exhibiting, in alphabetical order, the names of the parties against whom judgments are rendered; and an execution docket exhibiting the issuing, return and deposition of executions. These dockets, together with the judgment order upon which they are founded, are public records of the court to which all have access, and operate as notice of what they contain. Neither a judgment order against *William* Kroger, an execution docket showing the issuance of an execution against *William* Kroger, nor an execution in the hands of the sheriff against *William* Kroger, could, of itself, be notice of a judgment or of an execution against *Benjamin* Kroger; nor would such execution in the hands of the sheriff, as against *bona fide* purchasers without notice, bind the goods of *Benjamin* Kroger. The policy of the law, as well as of equity, is against secret liens, and where the law provides, as in this case, under what circumstances the lien accrues and the means of ascertaining its existence, we cannot hold, that a judgment and an execution against *William* Kroger can operate, as against a *bona fide* purchaser without notice, to bind the goods of *Benjamin* Kroger, although the latter be the real person intended in the record and execution. The names are essen-

tially different, indicate, unexplained, different persons, and there is·no pretence that the defendant in execution is known or called by the one name as well as by the other. Nor·is there anything in the agreed case impeaching the good faith, or the validity of the assignment, or showing knowledge in the appellant, or in those for whose benefit the assignment was made, that the judgment and execution were intended to be against *Benjamin* Kroger. But it is insisted that the subsequent amendment of the judgment and execution have relation back, and operate to create a lien from the time of the delivery of the execution to the sheriff. We do not question the general power of amendment, nor the propriety of its exercise in furtherance of justice, and where the rights of third persons will not be injuriously affected; but amendments cannot operate to destroy vested rights acquired in good faith. It is true, another question might have arisen in this case, had the assignee, Shirley, been a party to the proceeding to obtain the amendment. In such case, perhaps, he would be bound by the adjudication allowing the amendment, collaterally brought in question. Neither the appellant nor the creditors under the assignment, were made parties to the proceeding through which the amendment was obtained, and their rights, fixed and complete by the assignment, could not be divested or destroyed by the *ex parte* action of the court. The order of amendment, as to them, was a nullity to the extent of their preëxisting rights. It is not necessary to discuss the effect of want of notice to Kroger of the proceeding in which the amendment was made, nor whether the attorney, by virtue of the power conferred by the warrant of attorney, could appear for Kroger and consent to the amendment. The amendment may be good against him and effectual for all purposes and against all persons *after* the making thereof, and yet have no effect upon intervening rights of third persons accrued prior to the amendment. The principles here laid down are sustained by the following authorities: *Sale* v. *Compton,* 1 Wilson 61; *The President, &c. of Bank of Newburgh* v. *Seymour and Smith,* 14 John. 219; *Zimmerman* v. *Briggans,* 5 Watts 186; *Berry* v. *Spear,* 13 Maine 187; *Gardner* v. *Hust,* 2 Richardson 601; *Van Wyck* v. *Conde,* 3 Cow. 39; *Peck* v. *Sill,* 3 Conn. 157; *Willis* v. *Crooker,* 1 Pick. 204; *Fairfield* v. *Baldwin,* 12 ibid. 388; *Robb* v. *Bostwick,* 4 Scam. 116.

The power of amendment incident to all courts of general jurisdiction, is a delicate, though a useful power, and is properly exercised to sustain and protect rights and advance the ends of justice; but it cannot rightfully be so used as to cut off existing *bona fide* rights and leins; and it is better, in the order of

amendment, to expressly save from its operation all intervening *bona fide* rights.

The decree is reversed, and a decree will be entered in this court discharging the appellant from the payment of the execution, and for his costs in this court and the court below.

*Decree reversed.*