## WITTE *vs.* MEYER.

APPEAL FROM COUNTY COURT, MILWAUKEE COUNTY.

Heard April 24.]                      [Decided June 4, 1860.

### *Lien—Amendment.*

Where the plaintiff filed a petition for a mechanic's lien by the name of *Witter*, and his real name was *Witte*, in which latter name he obtained a judgment: Held, that the petition might be amended, and the judgment should not be set aside on account of the defect in the petition.

The judgment in this action had been entered upon the lien of the plaintiff accuring for painting the house of the defendant. The complaint was in the usual form, and the defendant appeared and made a defense, and judgment was rendered

in favor of the plaintiff for $119 77 and costs, on the 7th of December, 1859. On the same day the defendant moved the court to set aside the judgment because of the irregularity in the petition for the lien, which is noticed by the court, in its opinion. This motion was heard on the 12th of December. The county court made and filed its decision as follows:

"A judgment was entered at this term of the court in favor of the plaintiff, on inquest by default, in a case of mechanics' lien. The defendant, on the 7th of December, obtained an order for plaintiff to show cause why the judgment should not be set aside, and the motion coming on to be heard was argued by Mr. Martin for defendant and Mr. Winkler for plaintiff, and held under advisement. It is objected by counsel for plaintiff, that the grounds of the motion are not specified in the order to show cause. If the motion is founded upon any irregularity in entering the judgment or proceeding in the cause, waived by the answer, the objection is well taken. The complaint alleges that the petition for lien was filed in the office of this court, and the defendant claims that under sec. 1, chap. 113 of Sess. Laws of 1859, the petition should be filed in the office of the clerk of the circuit court, and that therefor no petition has been filed in this action, according to law. Section 5 of chap. 153, Rev. Stat., of which the above act is amendatory, provided that the petition "may be filed in the county or circuit court of the proper county." It will be observed that it is sec. 4 of chap 153, and not sec. 5, which is amended by sec. 1, chap. 113, Laws of 1859, and consequently sec. 5 is only amended by implication. The whole scope and object of sec. 4 was to define and limit the time, in which a petition or claim must be filed and suit commenced, and *that*, by the amendment, is changed from one year to ninety days from the date of the last charge. And while sec. 5 of chap. 153 provides for the filing of the petition in the county or circuit court, the amendment provides for the place where it should be filed, and *not* the court. On the filing of the petition therefor in the proper place the suit may be prosecuted in either the circuit or county court of the proper county. I incline to the opinion that the statement in the complaint, that the petition was filed in the office of the clerk of this court, was an irregularity amendable, either before or after judgment conformable to fact.

The next objection to the judgment is, that no petition or claim has been filed in this action. The petition on which the

Witte vs. Meyer.

plaintiff relies, is in the name of Carl Witter, not Witte, and it is conceded to be, as it obviously is, a different name, though possibly intended for the same person. Where the spelling or orthography of the name does not vary the pronunciation, it will in general be taken to be the same; and where the pronunciation is changed, it will of course change the name. The name of Witte and Witter could never be taken to refer to the same individual, and of course the complaint follows no petition filed in this cause, nor could the petition filed be received in evidence in this suit. It follows, that no petition has been filed on which the judgment could be founded, and the judgment is void.

The plaintiff asked leave to amend the petition, but the amendment would make it a new petition to take effect long after the expiration of the ninety days, and creating, if at all, a lien in this suit after judgment. But aside from that, I doubt the power of the court to amend a petition or claim filed. The plaintiff also asked, that the judgment might be permitted to stand as a mere personal judgment, without regard to the lien.

Without discussing the question of whether such amendment could have been authorized before judgment, I am clear that on this motion it cannot and ought not to be done, for it would amount to obtaining such a judgment by false pretenses, as it might well happen that a plaintiff was entitled to a judgment of lien against the defendant as owner. Such a question might arise under the pleadings in this case as to a part of the plaintiff's claim, and could not be settled on a motion to set aside the judgment. If there had been a trial on the merits, and a sum certain fixed upon as due from the defendant to the plaintiff, beyond dispute, possibly such an amendment of judgment could be made. See 1 E. D. Smith, 661–664; *Noss vs. Cord et al.,* 1 Wis., 389; *Dean et al vs. Wheeler,* 2 Wis., 224; 17 How. Pr., 363.

The motion to set aside the judgment is granted with costs and $7 attorney's fees.

From the order entered in accordance with this finding this appeal was taken.

*Von Deutsch & Winkler,* for the appellants.

The order to show cause is defective, in not *particularly* referring to the papers, on which it is founded, nor specifying any irregularity, or giving any *ground* of motion. *Ellis vs.*

*Jones*, 6 How. Pr. 296 ; *Bowman vs. Shelden*, 5 Sand., 657 ; *Winebrenner vs. Edgerton*, 17 How. Pr., 363.

A defect, to render a judgment *void*, must appear *on the judgment record*. Nothing outside of the record, *however erroneous*, can operate to make a judgment *void ;* unless perhaps, fraud may be said to do so. *Reed vs. Wright*, 2 Greene, Iowa, 15; *Hall vs. Heffly*, 6 Humph., 444; *Winebrenner vs. Edgerton*, 17 How. Pr., 363; *Vanbeck vs. Shuman*, 13 How., 472 ; *Dean et al., vs. Wheeler*, 2 Wis., 224.

The filing of the petition is a *fact*, a *material* fact, in the plaintiff's cause of action, and must be *alleged* and proved, as any other fact. *Dewey vs. Fifield*, 2 Wis., 73 ; *Dean vs. Wheeler*, 2 Wis., 224 ; *Beals vs. The Congregation, &c.*, 1 E. D. Smith, 654; *Cronkright vs. Thompson*, id., 661.

In this case the filing of the petition is *alleged* and the allegation *not denied* by the answer. Hence, for the purposes of this action, it must *" be taken to be true."* R. S., Chap. 125, sec. 31, page 725.

Moreover, the Court in its decision *finds*, that the petition was duly filed. This fact might, *or may*, have been found on improper testimony; but for that reason, the judgment cannot be set aside, as void.

The Court below, then, on the motion, received *evidence* from the defendant, going to show, that the *facts*, alleged and found were *not true*, and on the strength of *that*, set aside the judgment. This, it is submitted, cannot be done.

*Henry S. Lee*, for the respondent.

The petition required to be filled is a matter of substance, and hence in a motion to set aside a judgment under the act relating to the lien of " mechanics and others," on the ground of any defect in the petition, it is not necessary to specify the grounds of the motion—it not being founded on a mere irregularity, but a defect in matter of substance. 1 E. D. Smith's Reports, 654; 17 How. Pr., 363; 13 id., 472 ; *Dunham vs. Waterman*, 3 Smith, 9.

The plaintiff never filed any petition. The petition on which he relies is signed by and runs in the name of Carl Witter, while the action was brought and the judgment obtained in the name of Carl Witte. The judgment must be in pursuance of the action commenced upon the claim or petition filed ; but in this case no action was ever commenced in pursuance of a petition or claim filed, for it is insisted, no petition ever was filed, and that consequently the Court below

Witte vs. Meyer.

properly decided that the judgment was void. 1 Wis. Rep., 391.

The proceedings to foreclose a lien under the act relating to the "lien of mechanics and others," is a proceeding *in rem* and not *in personam.* The object is to ascertain the amount due and to declare the premises subject to that amount. The whole scope and object of the action, then, being to foreclose the lien, the plaintiff on failing to show facts sufficient or otherwise falling short of the requisites, for foreclosing such lien, cannot ask and obtain more than a personal judgment. 2 E. D. Smith's Rep., 657; ib., 595; ib., 607; 1 id., 661.

The petition is not amendable. An amendment, in this action would make it a new petition, to take effect long after the expiration of the ninety days, and would, if allowed, create, if at all, a lien after judgment. 1 E. D. Smith's Reports, 654.

*By the Court,* PAINE, J. This was an action to enforce a mechanic's lien. The petition was filed in the name of "Carl Witter." The plaintiff's real name was Carl Witte, and by that name he began his suit and recovered a judgment. This was subsequently set aside on motion, principally for this reason. But we are of the opinion that the petition was amendable in this respect.

This power is certainly conferred by the language of the statute. It says, the court may "before or after judgment, in furtherance of justice, and upon such terms as may be proper, amend any pleading or proceeding, by adding or striking out the name of any party, *or by correcting a mistake in the name of a party,* or a mistake in any other respect" There would probably be no question of the power to amend under this statute, if the thing to be amended were not a petition or claim for a lien which the law required to be filed within a fixed time, in order to continue the lien. But we do not regard this as a sufficient reason to take it out of the power of amendment. The petition for a lien does not create the lien. That exists by virtue of the statute, and the performance of the labor. The filing of the petition is only a part of the proceeding to

continue and enforce the lien. It is required to be filed within a limited time, but the action must also be commenced within the same time. Suppose the petition in this case had been right, but the same mistake had occurred in the summons and complaint. Would it not have been amendable even after the expiration of the time in which to commence the action in order to sustain the lien. . We think so, and that the petition stands upon the same footing.

It is true that no amendment should be allowed in such cases to interfere with rights of third parties accruing after the mistake and before the amendment. And if the original proceeding so utterly failed to comply with the statute as to be a nullity, perhaps no amendment could be allowed, which would amount to an entire new proceeding after the expiration of the time limited by law. But with these restrictions, we think the proceedings to enforce a lien, are within the spirit as well as letter of the law allowing amendments, and should be amended in furtherance of justice. The tendency of decisions is in favor of a liberal exercise of this power, and it has been used in support of proceedings which were formerly held to require a strict pursuance of the statute in the first instance. *Green vs. Cole,* 13 Ire., 430; *Applewhite vs. Allen,* 8 Hump., 698; *Shirly vs. Phillips,* 17 Ill., 471; *Middleton vs Frame,* 21 Mo., 413; *Lewis vs. Ross,* 37 Maine, 230.

Courts have also frequently allowed amendments so as to save the statute of limitations. And that seems to us to stand upon a very similar principle to a case of this kind. They treat the proceeding already existing as a sufficient stock upon which to graft the amendment, and thus prevent a defeat of the entire right which would occur if the party were driven to a new suit. And we think the same reason exists for an amendment of the petition or other proceedings in an action to enforce a lien, and that it should

be allowed where the original proceeding constitutes a sufficient foundation to support it. Here the mistake was merely clerical. Nobody could be misled by it. And no rights of third parties have accrued. We think it should have been amended, and that the court below erred in setting aside the judgment on that account.

The order appealed from is reversed with costs.