## BROWN VS. THE LA CROSSE CITY GAS LIGHT AND COKE COMPANY.

In an action to establish and enforce the lien of a material-man, the property upon which a lien was claimed, was described in the petition and complaint as "the several buildings known an the gas works of the La Crosse City Gas Light and Coke Company, situated on lots number 8, 9, &c., in block 14, &c.," whereas the said buildings were situated on other premises in said city; upon an appeal

from an order allowing the petition and complaint to be amended, by describing by metes and bounds the premises on which said buildings were in fact situated, *Held*, That the amendment was immaterial, and that said description was sufficient, and would be sufficient to pass by deed the real estate on which said gas works were situated.

Where there are certain premises once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken, will not vitiate the grant.

APPEAL from the County Court for *La Crosse* county, from an order allowing an amendment of a petition and complaint, in an action to establish and enforce a mechanic's lien. The case is stated in the opinion of the court.

*Seeley & Stogdill*, for appellant.

*Montgomery & Tyler*, for respondent.

*By the Court*, COLE, J. We do not think the amendment in this case was material. In the petition for the lien, and in the complaint, the property was described as the several buildings known as "the gas works of the La Crosse City Gas Light and Coke Company;" but there was a mistake in giving the description of the lots upon which the premises were situated, by numbers and blocks. The amendment made gave a correct description of the land upon which the gas works were situated, by metes and bounds. If a deed had been made conveying this property as the "several buildings known as the gas works of the La Crosse City Gas Light & Coke Company," can there be a doubt that the property was described with sufficient certainty? Probably not. The description would be deemed adequate and sufficient to pass the title of the real estate upon which the gas works were situated, whatever it might be. And the deed would be held good, although an erroneous description should be superadded; upon the principle that if there are certain particulars once sufficiently ascertained which designate the thing intended to be granted, the addition of a circumstance, false or mistaken, will not frustrate the grant. Broom's Legal Maxims, p. 490. We

therefore think the description in the petition and complaint sufficient, notwithstanding the error in describing the lots upon which the gas works were situated. In this view, the amendment became immaterial, and could not injure any one. *Witte vs. Myer,,* 11 Wis., 295.

The order of the county court is affirmed.