## SYLVESTER vs. GUERNSEY and others.

*Assignment procured by fraud: one claiming under it must show that he paid value.—Special verdict, part of finding of court.*

1. In an action to restrain the collection of so much of a judgment as was for

the costs, on the ground that the whole judgment had been assigned for value to E., and by him to C., by whom, for value, it was discharged of record, the evidence showed that the assignment to E., as to the costs, was procured by fraud. *Held*, that it was then for the plaintiff to show that he paid a full and valuable consideration for *that part* of the judgment; and on his failure to do this, the action should have been dismissed.

2. Under the circumstances of this case, a special verdict considered part of the finding of the court.

APPEAL from the Circuit Court for *Grant* County.

Action to restrain the collection of a judgment. The complaint alleges that the defendant *Guernsey*, on etc., obtained judgment against plaintiff in said court for $645.81, damages and costs; that afterwards, for a valuable consideration in each case, the judgment was assigned by *Guernsey* to one Everett, and by him to one Carrier, by whom, for value, the judgment was discharged of record; that nevertheless *Guernsey*, and his attorney *Barber*, had directed *Clise*, the sheriff, to levy on property of the plaintiff under an execution issued before such entry of satisfaction, all said defendants having been duly notified of the discharge of the judgment on the record, etc., etc.

The defendants answered, in substance: 1. That the assignment to Everett, so far as it related to the *costs* (amounting to $106.80), was obtained by fraud, *Guernsey* supposing that he was merely executing an assignment of the judgment for *damages*. 2. That both Everett and Carrier acted merely as agents for the plaintiff in taking such assignments. The answer demands judgment that the assignment to Everett be reformed, so as to cover only the damages.

The court directed a special jury to be impanneled to try the following questions: 1. Whether *Guernsey* agreed to sell to Everett, and the latter agreed to purchase, only so much of the judgment as was for damages. 2. Whether

the assignment of the *whole* judgment to Everett was obtained by fraud on his part. After the case had been opened to the jury by the respective counsel, the court further submitted to the jury the questions whether Everett and Carrier, respectively, acted merely as agents of the plaintiff in procuring the assignments made to them. The jury, by their verdict, answered the first two questions affirmatively, and further found that Everett did, but Carrier did not, act as agent for plaintiff, in procuring the assignments made to them. The finding of the court, after reciting the findings of the jury, proceeds: " And thereupon the court, from the admissions of the defendants in their respective answers, from the verdict of the jury, and from the evidence in the case, being sufficiently advised herein, does find that the matters and things alleged in the complaint are true, and that plaintiff is entitled to the relief demanded therein."

Judgment accordingly; and defendants appealed.

*M. M. Cothren*, for appellants.

*Bushnell & Dunn*, for respondents.

DIXON, C. J. As said by counsel, the practice in this case seems to have been somewhat anomalous. We think, under the circumstances, that the finding of the jury must be considered a part of the finding of the court; and, this being so, it appears from the finding that the assignment of the judgment as to that part of it represented by the costs, was obtained by fraud; but it does not appear that any valuable consideration whatever passed from the plaintiff to Carrier, or from Carrier to Everett, for that part of the judgment. The finding must sustain the judgment, or the judgment will be reversed. *Blossom v. Ferguson*, 13 Wis., 75. Is this finding sufficient for that purpose? We think not. It being found that the assignment as to the costs was obtained

by fraud, we think the judgment here cannot be sustained, unless it is furthermore found that the plaintiff paid a full and valuable consideration for that part of the judgment so fraudulently procured to be assigned. There is no such finding, and no proof to that effect was introduced or offered, as appears from the bill of exceptions, which contains all the testimony. We think the case in this respect is governed by a principle similar to that which prevails in actions upon negotiable paper which has been procured by fraud and subsequently transferred to some third person. It stands on a footing at least as favorable as that of negotiable paper, if not more so. The fraud being shown, it is then incumbent on the plaintiff to show under what circumstances and for what value he became the holder of the paper. Edwards on Bills & Notes, 686. So here, the fraud having been established, the burden of proof was on the plaintiff to show that he paid value for that part of the judgment the assignment of which was obtained by fraud. The plaintiff not having shown this, and no fact of the kind being found, it follows that the judgment must be reversed, and the cause remanded, with directions that it be dismissed.

*By the Court.*—So ordered.