Carroll vs. Bohan.

## CARROLL vs. BOHAN.

TRIAL: SPECIAL VERDICT. *(1) Order of trial of equitable and legal issues. (2, 3) Requisites of special verdicts.*

1. In trespass *de bonis asportatis*, where defendant, claiming under a chattel mortgage, sets up an equitable counterclaim for reformation of the mortgage, so as to make it cover a certain part of the goods in dispute, it is not only the proper practice, but seems imperative, that the equitable issue be first tried; and the two issues should not be tried indiscriminately by a jury.

2. Special verdicts should be positive, direct and intelligible answers to single, direct and plain questions; and indirect, evasive, uncertain or unmeaning answers should not be received.

3. To the question, whether the parties intended the mortgage to cover the mortgagor's entire stock of goods, the jury answered, as to the plaintiff, yes; as to the defendant, no. They also answered another question affirmatively upon a certain hypothesis, giving no answer to it upon any other hypothesis. *Held*, that the verdict was insufficient; and a judgment upon it is reversed for that reason.

APPEAL from the County Court of *Milwaukee* County. This appeal was taken by the plaintiff from a judgment in

defendant's favor. The nature of the action, and the errors constituting the ground of decision here, are sufficiently stated in the opinion.

Brief for the appellant by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Jenkins*. To the point that the judgment should at least be reversed for the defects of the special findings, they cited *Heeron v. Beckwith*, 1 Wis., 17; *Eldred v. Oconto Co.*, 33 id., 133; *Young v. Lego*, 38 id., 206; *Hutchinson v. Railway Co.*, 41 id., 552; *Seward v. Jackson*, 8 Cow., 406.

Brief for the respondent by *Rogers & Hover*, and oral argument by *Mr. Hover*. As to the question divided, they contended that the finding was in substance that the minds of the two parties never met upon the question whether the mortgage should include the entire stock. As to the hypothetical finding described in the opinion, they argued that it was sufficient when taken in connection with the pleadings (*Elsemann v. Swann*, 6 Bosw., 698; *Barto v. Himrod*, 8 N. Y., 483; 9 Wend., 611, 625; 8 Cow., 406), including a schedule attached to them, as these show that there was no general assortment of plumber's goods from which the particular goods mortgaged were to be selected.

Ryan, C. J. This action was trespass *de bonis asportatis*. The defendant below, appellant here, justified under a chattel mortgage of the plaintiff below, respondent here. Some of the goods actually in controversy appear not to have been in the mortgage. And the appellant, claiming that they should have been, put in with his answer a counter claim in equity for the reformation of the mortgage, to include goods in controversy omitted from it.

The proper practice, in such a case, is to try the issue upon the equitable counter claim first; afterwards, the issue on the legal defense. *Du Pont v. Davis*, 35 Wis., 631. Though this rule generally rests in discretion, yet in such a case as this, it

seems to be imperative. For it is difficult to understand how the legal issue of justification under the mortgage could properly be tried, until the determination in equity, what the mortgage should properly cover. ·.

But it appears by the record, that no distinction was made in the court below between the issues at law and in equity; and that both were tried indiscriminately by a jury. The impropriety, if not error, of such practice, appears manifest upon consideration that the verdict, while it stands, is conclusive upon the court on the legal issue, and advisory only on the equitable issue. Indeed the counter claim seems to have been very much overlooked throughout. For the judgment goes upon the legal issue only, and leaves the counter claim undisposed of.

This view was not taken at the bar; but we are inclined to think the error in the judgment itself sufficient to reverse it.

A special verdict was ordered; and the court below submitted the matters in controversy to the jury, in the form of questions. One of these was, whether it was the understanding between the parties that the mortgage should cover the entire stock of goods in the respondent's store. The jury professed inability to answer this question as proposed, and asked permission to divide it. For reasons not apparent, the court below indulged the jury in the rare luxury of dividing an indivisible question. And so the proverbially intelligent jury answered the question, "yes," as to the appellant, "no," as to the respondent. This was severing the truth, not the question nor the answer. The *ex parte* yes, affirms a mutual understanding; the *ex parte* no, disaffirms a mutual understanding. The verdict on a material point finds for each party, and against each party; being, in effect, equivalent to disagreement of the jury. The answer assumes to cut a single and indivisible truth in two, as Solomon proposed to cut the child. No judgment can rest on such a verdict, and no court should receive it.

The jury gave evidence of evasive talent, in another instance,

in another way. They answered a question, no, upon a hypothesis, giving no answer to it upon any other hypothesis; thus leaving the court to find a fact for itself, which, being found and taken with the verdict, would or would not, as it might be found, constitute an answer to the question put to the jury.

The statute providing for special verdicts is an excellent one; tending to dispel the occasional darkness visible of general verdicts. But special verdicts are worse than useless, if courts do not submit for them single, direct and plain questions, and insist upon positive, direct and intelligible answers. Indirect, evasive, uncertain or unmeaning answers should never be received. And when none other can be drawn from a jury, the verdict should not stand for a moment. *Davis v. Farmington*, 42 Wis., 425.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.