## SHERRY vs. SCHRAAGE.

*December 19, 1879 — January 7, 1880.*

(1) MECHANIC'S LIEN: *Amendment of petition.* (2) COSTS *on appeal, where judgment affirmed in part.*

1. Where one entitled to a mechanic's lien has in good faith filed a petition in time, but, through mistake, it is imperfect (as where it describes the

premises incorrectly), the court in which suit is brought to enforce the lien may permit an *amendment* of the petition, as against all persons who have not in the meantime acquired vested rights in respect to the premises. R. S., secs. 3320, 4980.

2. Plaintiff appealed from the whole judgment, although a part thereof was in his favor; and, on affirming the judgment as to that part and reversing it as to the remainder, it not appearing that defendant was injured by the form of the appeal, this court, in the exercise of its discretion (R. S., sec. 2949), awards costs to the appellant.

APPEAL from the Circuit Court for *Fond du Lac* County. The cause is thus stated by Mr. Justice TAYLOR:

"This action was commenced to recover of the defendant the value of a quantity of lumber sold by the plaintiff to him, and used by him in the erection of a store building on the lots described in the complaint, situate in the village of Calvary, in Fond du Lac county, and to have the amount of the value of such lumber declared a lien upon the store and lots therein described. The complaint alleged the filing of a petition for lien within the time prescribed by law, and also alleged that in such petition the plaintiff had made a mistake in the description of the lands upon which the building was situate, and asked to have the petition amended so as to make the same correspond with the description of the property set out in the complaint, which was the true description. The defendant answered by a general denial. Upon the trial, the plaintiff proved the sale and delivery of the lumber to the defendant; the value thereof; that no part of such value had been paid; that the lumber was used by the defendant in the construction of a store building on the lots described in the complaint; that such building and lots were owned by the defendant, and were so owned at the time the building was erected; and that no liens by judgment, mortgage or otherwise had been placed upon said store or the lots on which the same was situated, between the time of the filing of the petition for a lien and the date of the filing of the *lis pendens* in this action.

"The plaintiff also offered in evidence the original petition for a lien. The land described in the petition as that upon which the building was situated, was not the land described in the complaint, upon which it was in fact situated, but was in another section and about a mile or more distant therefrom.

"Upon this evidence the court refused to permit the plaintiff to amend his petition for a lien so as to correctly describe the land upon which the building in the erection of which plaintiff's lumber had been used was situated, and rendered a personal judgment in favor of the plaintiff against the defendant for the value of the lumber, with costs of the action, and 'further adjudged that the prayer of the plaintiff for leave to amend the petition for a lien, and for judgment of lien against the premises described in the complaint, be denied.'  The action was tried by the court, and, upon finding the facts as above stated, the judge held as a conclusion of law, 'that the petition for a mechanic's lien cannot be amended by correcting an error in the description of the property, notwithstanding there may have been no deeds, mortgages, petitions for liens, attachments, judgments, or any liens of any nature placed upon said property, and the defendant continued to hold and own the same from the date of the filing of the petition for a lien to the date of the filing the *lis pendens*, and the service and filing of the summons and complaint.'

"To this conclusion of law the plaintiff duly excepted, and, judgment having been entered in conformity thereto, he appeals to this court and asks for a reversal of that part of the judgment which denies to him the right to amend his petition for a lien and to have a judgment declaring the amount due him for the lumber, with the costs, a lien against the building and the lands upon which the same is situated."

*Elihu Colman*, for the appellant, in support of the right to amend the petition, cited sec. 2830, R. S.; *Witte v. Meyer*, 11 Wis., 295; *Brown v. La Crosse Gas Light Co.*, 16 id., 555; *McCoy v. Quick*, 30 id., 521; *Nary v. Henni*, 45 id., 473.

The cause was submitted for the respondent on the brief of *George P. Knowles:*

The time for filing the petition for a lien expired on the 24th of January, 1878; and the action was not commenced until the 13th of the following month. In the description contained in the petition actually filed, there is nothing in any way relating to the description now asked to be substituted. That petition is a nullity; and if an amendment should now be allowed, it would amount to an entirely new proceeding after the expiration of the time limited by law.    *Witte v. Meyer*, 11 Wis., 300.

TAYLOR, J.    The case presents the question of the power of the court to direct an amendment of a petition for a lien, in the matter of the description of the property upon which the lien is claimed, when a mistake in such description has been made in such petition, and in a case where no rights are to be affected except those of the defendant.    The court below denied the right absolutely and without qualification.

This question has been twice before this court (*Brown v. La Crosse Gas Light Co.*, 16 Wis., 555, and *McCoy v. Quick*, 30 Wis., 521); but in both cases the judgment of this court went upon other grounds, and left this question undecided. In *Witte v. Meyer*, 11 Wis., 296, this court decided that the petition was a " proceeding " to continue and enforce a lien, and therefore came within the statute of amendments, and that an amendment of the petition as to the name of the petitioner was allowable.

In 1869 the legislature passed an act expressly allowing the petition in a lien case to be amended as to the name of the owner, where the real owner was the husband or wife of the party described in the petition and action; and the revision of 1878, which was in force when this action was tried, expressly provides that after action commenced in a lien case, the petition may be amended, by order of the court, in the same man-

ner as pleadings in the action.   See section 3320, R. S. 1878.
And this provision of the revision was undoubtedly applicable
to this case under the provisions of section 4980.

The legislative action upon this subject clearly indicates
that a liberal rule should be applied to actions of this kind
for the purpose of preserving the rights of the claimant for
a lien.

The filing of the petition is, in the language of the court
in the case of *Witte v. Meyer, supra,* a " proceeding " to con-
tinue the lien.  The lien is not created by the filing of such
petition, but by the fact of doing the work or furnishing
the materials in the construction of the building to which the
lien attaches.  The filing of the petition within a limited
time is mainly for the purpose of giving notice to third per-
sons who, without such notice, might be inclined to take other
liens upon the property or to purchase the same.  It is un-
doubtedly true that, as the right of lien and the manner of
enforcing the same are purely statutory, the neglect of the
plaintiff to file his petition within the time prescribed would
be fatal to his right to enforce it; but when he has in good
faith filed his petition within the time prescribed by law, and
by mistake has failed to file a perfect petition, as against all
persons who have not acquired vested rights by reason of
the want of such perfect petition, it would seem but a just
exercise of the powers of the court to permit such petition to
be amended so as to make the record perfect.  The defendant
knew, when he purchased the lumber and used it in the erec-
tion of his building, that the law gave his vendor a lien upon
his building, and the lands on which it was situated, for the
value of the same, and that such lien would continue for one
year, and no longer, unless within the year an action for the
recovery of the purchase price was commenced for the enforce-
ment of such lien.

In this case the action was commenced within the year,
and a petition was filed within the six months prescribed by

the statute. There can be no pretense, therefore, that the defendant has been misled by the action of the plaintiff. The petition, though imperfect, was notice to him that the plaintiff was intending to enforce his lien. He knew, by the other matters contained in such petition, that the plaintiff intended to continue his lien upon the store building and the lands on which it was situated, notwithstanding the misdescription therein. The rights of no other parties intervening, there does not appear to be any good reason for refusing the amendment as prayed for by the plaintiff in his complaint, and enforcing his lien by the judgment of the court. We are clearly of the opinion that the amendment in this case would, under the circumstances disclosed, have been in furtherance of justice, and should have been allowed by the court.

The judgment of the court below having expressly denied the plaintiff's right to amend his petition for a lien, and denied him a judgment declaring his claim a lien upon the property described in the complaint, the better practice for the appellant would have been to appeal from that part of the judgment denying his right of amendment and a lien judgment, instead of from the whole judgment. The personal judgment in favor of the appellant is clearly not erroneous, as such judgment would be entered in his favor although a judgment declaring the same a lien upon the premises described in the complaint had also been entered in his favor.

The plaintiff having appealed from the whole judgment, that part of the judgment of the circuit court which adjudges that the plaintiff recover of the defendant the sum of $353.80 with $44.37 costs, must be affirmed, and that part which denies the plaintiff the right to amend his petition for a lien, and denies a judgment lien against the premises described in the complaint, reversed; and the cause must be remanded with directions to allow the amendment and enter judgment in favor of the plaintiff establishing his lien, and for the enforcement thereof, as prayed in his complaint.

The judgment being affirmed in part and reversed in part, the costs on this appeal, under the provisions of section 2949, R. S. 1878, are in the discretion of the court. As it does not appear that the respondent has been in any way prejudiced by the appeal from that part of the judgment which is affirmed, we think the appellant should have costs.

*By the Court.*— Ordered accordingly.

