Huse vs. Washburn.

HUSE vs. WASHBURN.

*January 11 — January 29, 1884.*

MECHANIC'S LIEN: PRACTICE.   *(1, 2) Trial by jury.   (3) Amendment of petition.   (4) Pleading.   (5) Order for judgment for deficiency.*

1. In an action to foreclose a mechanic's lien, as in other equitable actions, the court may, *on its own motion,* order a jury to be impaneled to try any issue of fact.    The statute giving either party a right to demand a jury does not change the rule.

2. The verdict, in such case, is advisory merely, and error cannot be assigned upon the rulings of the court as to the admission of evidence or upon the instructions to the jury.

3. The petition for a lien may be amended so as to correct an erroneous description of the land, even after the expiration of six months from the date of doing the work.    Sec. 3320, R. S.

4. Though the complaint itself in an action to foreclose a lien does not state that the debt is due, yet if that fact is stated in the petition which is embodied in and made a part of the complaint, it is sufficient.

5. An order, in a judgment for the foreclosure of a lien, that after the confirmation of the sale judgment be rendered for the deficiency, is proper under the prayer for general relief, though not specially demanded in the complaint; or the complaint may be treated as amended in that respect to conform to the order.

APPEAL from the County Court of *Winnebago* County.

Action to foreclose a mechanic's lien.    The work was
done in July and August, 1881, the petition for the lien was
filed September 21, 1881, and the action was commenced on
the following day.    The petition as originally filed described
the land upon which the work was done as the *southeast*

*quarter of the northeast quarter* of section 13, town 18, range 17 east, in Winnebago county. The issue of indebtedness was tried by a jury in June, 1882. Afterwards and before judgment the court permitted the plaintiff to amend his complaint and petition so as to describe the land as *one acre* (particularly described by metes and bounds) in the *northeast quarter of the southeast quarter* of said section 18. It did not appear that any rights of third persons in the land last described had intervened. Other facts sufficiently appear from the opinion. The court filed its findings of fact and conclusions of law in favor of the plaintiff, and from the judgment entered accordingly the defendant appealed.

For the appellant the cause was submitted on the brief of *John W. Hume.* He contended, *inter alia,* that the land upon which the lien is sought to be charged must be properly described. *Williams v. Porter,* 51 Mo., 441; *Matlack v. Lare,* 32 id., 262; *Crawfordsville v. Barr,* 65 Ind., 367; *McCarty v. Van Etten,* 4 Minn., 461; *Washburn v. Russel,* 1 Pa. St., 499; *Turney v. Saunders,* 5 Ill., 527. The statute (R. S., sec. 3318) provides that no lien shall exist unless a claim is filed therefor within six months after the work is done; and to allow the petition to be amended, after the six months, so as to describe other land, would confer rights not recognized by the statute. The case of *Sherry v. Schraage,* 48 Wis., 93, was decided under a statute (Tay. Stats., ch. 135, §§ 1, 6) which itself gave a lien, unlike sec. 3318, R. S., which merely gives a right to acquire a lien. The lien now exists only by virtue of the filing of the claim. *Green v. Green,* 16 Ind., 253; *Lindley v. Cross,* 31 id., 109; *Dobbs v. Enearl,* 4 Wis., 451. See, also, *Dearie v. Martin,* 78 Pa. St., 55; *Fourth Ave. Baptist Church v. Shreiner,* 88 id., 124; *O'Neill v. Hurst,* 11 Phila., 171.

For the respondent there was a brief by *Eaton & Gruenewald,* and oral argument by *Mr. Eaton.*

Huse vs. Washburn.

ORTON, J.   This suit is for the foreclosure of a mechanic's lien for drilling a well or fountain upon the defendant's premises.   There appears to be sufficient evidence to support the verdict of the jury and the finding of the court upon the facts of the work and labor and value thereof.   The errors assigned will be disposed of in their order.

1. The court caused a jury to be impaneled to try the issue of indebtedness, without the demand of either party.   This is a suit in equity ( *Willer v. Bergenthal*, 50 Wis., 474), and because it is, the court may, on its own motion, submit any question of fact to a jury in order to aid or advise the court in respect thereto.   *Gunn v. Madigan*, 28 Wis.,'158; *Carroll v. Bohan*, 43 Wis., 218; *Du Pont v. Davis*, 35 Wis., 636.

2. Exceptions are taken to the rulings of the court in respect to evidence and to the instructions of the court to the jury.   Errors cannot be alleged of this kind in an equity case. The only question is, Was there competent evidence to warrant the verdict or finding.   *Law v. Grant*, 37 Wis., 548; *Will of Meurer*, 44 Wis., 392; *Sylvester v. Guernsey*, 22 Wis., 569; *Taylor v. Collins*, 51 Wis., 123.   The verdict of the jury is only advisory, and may be disregarded or embodied in the findings of the court.   In this case the county court made its own findings of all the issues, and in doing so its finding of the indebtedness is the same as the verdict of the jury.   The statute (sec. 3323, R. S.) allows a jury in such a case on the demand of either party, but this does not take away the power of a court of chancery to order a jury when it deems it advisable for its own assistance, nor does it render the verdict any more conclusive than in other equity cases, where a jury has not been demanded.

3. The original petition was defective in not describing the land, and the court allowed its amendment in that particular.   The right to do so is found in sec. 3320, R. S., and decided to be proper under the Revised Statutes in a case brought before the revision took effect, but tried afterwards,

and for a claim arising under a former statute. *Sherry v. Schraage*, 48 Wis., 93. See, also, *Witte v. Meyer*, 11 Wis., 296; *Brown v. La Crosse City G. L. & C. Co.*, 16 Wis., 555; *McCoy v. Quick*, 30 Wis., 521.

4. The complaint itself does not state that the debt is due, but the complaint embodies the petition and makes it a part of the complaint, and the petition does so state, which is sufficient.

5. The judgment being in due form of foreclosure, is followed by an order that on the coming in of the report of sale and after the confirmation 'thereof, judgment be rendered for the deficiency. It is perhaps a sufficient answer that no judgment for a deficiency has yet been rendered, and may never be rendered, and this order is no part of the judgment appealed from. *Boynton v. Sisson*, 56 Wis., 401. But such a conditional order is proper (*Tormey v. Gerhart*, 41 Wis., 54), and might be entered under the prayer for general relief without any demand therefor in the complaint; or the complaint may be treated as amended in that respect to conform to the order. Sec. 2830, R. S.

*By the Court.*— The judgment of the county court is affirmed.