STACY, Respondent, vs. BRYANT and others, imp., Appellants.

*November 8 — December 4, 1888.*

LIENS: LOGS AND TIMBER. *(1) Lien for supplies placed on sale. (2) Description of logs: Amendment.*

1. Under secs. 1, 2, ch. 469, Laws of 1885, the vendor of supplies to be used in a logging camp, and which were in fact used in such camp by the vendees in getting out logs, is entitled to a lien on the logs for the amount due, although the supplies, before being so used, were placed by the vendees in their store to be sold at a profit to their employees and others.

2. In an action to enforce a lien upon logs the description of the logs in the complaint and the petition for a lien may be amended to conform to the evidence which was admitted without objection, when it is evident that the defendant is not surprised by such amendment and no injustice is done thereby.

APPEAL from the Circuit Court for *Langlade* County.

The case is sufficiently stated in the opinion. The defendants *S. Bryant, R. W. Pierce,* and *O. H. Pierce* appeal from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Lynch & McCarthy,* and oral argument by *Thomas Lynch.*

For the respondent there was a brief by *F. M. Guernsey,* attorney, and *Gerrit T. Thorn,* of counsel, and oral argument by *Mr. Thorn.*

TAYLOR, J. The respondent commenced his action in the circuit court against M. Miller and E. Neff, to recover

for a bill of feed, flour, butter, etc., sold by him to said Miller & Neff, about the 30th of January, 1886. The price of the goods sold, including freight paid by respondent, was $646.72; and in said action the respondent claimed a lien for the value of the goods sold upon a lot of saw-logs owned by the appellants, *Bryant, Pierce & Pierce*, and so the appellants were made parties to the action.

The respondent claims that the goods were sold to Miller & Neff upon the statement of Neff that he wanted the bill of goods for his lumber camp, and that he sold him the goods as supplies for that purpose. The evidence on the part of the plaintiff shows that at the time said goods were sold and delivered to said Miller & Neff they were engaged in getting out and banking the logs of the appellants which were attached in this action. The evidence on the part of the plaintiff tends to prove that the goods were used by the men and teams in the employ of Miller & Neff, while they were at work in cutting, hauling, and banking the logs of the appellants which were attached in this action. It is admitted by the learned counsel for the appellants that the bill of goods sold, which consisted of flour, feed, and butter, were supplies, within the meaning of secs. 1, 2, ch. 469, Laws of 1885, and if they were in fact used by Miller & Neff in feeding the men and teams employed by them in cutting, hauling, and banking the logs in question, and were sold by the respondent to said Miller & Neff for the purpose of being used in that way, then the respondent was entitled by law to a judgment in his favor, subjecting the said logs to the payment of said claim.

The defense the appellants made upon the trial was (1) that the said Miller & Neff at the time in question were merchants dealing in the kind of merchandise sold by the respondent to them, and that the respondent sold the goods to them, not for the purpose of being used by them in getting out the logs in question or any other logs, but to go

into the store of said Miller & Neff, to be sold out at retail by them as any other goods kept by them for sale; and (2) that such goods, or the greater share of them, were sold by said Miller & Neff at retail from their store, to persons other than those then in their employ and engaged in cutting, hauling, and banking said logs of the appellants; (3) that a large part of said bill of goods was used in boarding and paying off men in the employ of Miller & Neff, not at the time engaged in work upon the logs in question.

Upon this appeal these questions of fact have been fully presented by the learned counsel for the appellants, and this court is asked to reverse the verdict of the jury on the ground that it is wholly unsupported by the evidence, or, if not wholly unsupported, that the great preponderance of the evidence is against the verdict. A motion to set aside the verdict was made by the appellants in the court below upon this ground, and denied by the trial court, and exceptions taken.

Upon a careful reading of the evidence we find that, while there is considerable direct evidence and much circumstantial evidence tending to establish the contention of the learned counsel for the appellants, we also find that the evidence of the respondent and that of Neff and Rockafeller, the book-keeper of Miller & Neff, certainly sustains the verdict of the jury. It is therefore clear that the learned circuit judge was bound to submit these questions of fact in the case to the consideration of the jury, and, the jury having found in favor of the case as made by the plaintiff's evidence, and the learned circuit judge having refused to set aside the verdict as against the evidence or as against the great preponderance of the evidence, according to well-established rules this court ought not to reverse the judgment upon that ground.

It is further claimed that the court erred in refusing to give the following instructions asked by the appellants:

" *First.* If you find that the supplies were bought by Miller & Neff for the purpose of putting them in their store and retailing them at a profit to their employees generally, and to the customers of their store at a profit, and the supplies were so sold, then the plaintiff is not entitled to a lien in this case." Refused by the court, and the defendants excepted. "*Second.* If you find that the supplies were bought and taken to the store of Miller & Neff in the usual way by them as merchandise, and were kept on exhibition for sale at a profit to their employees and others in the usual way, then the plaintiff is not entitled to a lien." Refused by the court, and defendants excepted. "*Third.* The plaintiff must prove the use to which the supplies were put, and that they were used as supplies within the meaning of the law." Refused by the court, and the defendants excepted.

The first instruction asked probably stated the law applicable to the case; but the refusal to give it, as well as to give the third instruction, was not error, because they had been substantially given by the learned circuit judge in his general charge, and it was unnecessary to repeat them at the request of the appellants. The second instruction asked was properly refused, as not presenting the law of the case. If the goods were sold by the plaintiff for the purpose of being used in the logging camp, and were in fact used in such camp by the vendees, the respondent would be entitled to his lien, although the vendees may have placed them in their store for sale before they were so used. The learned circuit judge instructed the jury that the respondent could only have a lien upon the logs of the appellants for the value of the supplies furnished to Miller & Neff which were actually used by them in paying for work of men and teams in getting out the logs, and in feeding the men and teams so employed by them in the logging business in getting out the logs of the appellants. Upon the other question he in-

structed the jury as follows: "If you find from a fair preponderance of the evidence that Miller & Neff, at the time these supplies were furnished by the plaintiff, were engaged in keeping a general store for the general purpose of trade; that they were also engaged in building a mill or repairing it, and in lumbering; that *Stacy*, the plaintiff, knew it, and furnished these supplies to Miller & Neff upon their own credit alone, and for the purpose of their general trade business,— you will find that the plaintiff is not entitled to any lien at all upon the property described in the complaint, and will use form No. 2 for your verdict." This instruction is substantially as requested by the appellants.

The case seems to have been fairly submitted to the jury upon the evidence, and, there being sufficient evidence in the case to sustain a verdict for the respondent, this court will not reverse it on appeal.

It is also alleged as error that the logs were not sufficiently described in the complaint or in the petition for a lien filed by the respondent and offered in evidence on the trial, and that the court erred in allowing the plaintiff to amend his complaint and petition for a lien after the evidence in the action had been received. The record shows that the following proceedings were had on the trial: "After the testimony of both plaintiff and defendant had closed, and before arguments were made to the jury, plaintiff, by his counsel, moved the court to amend the petition and claim for lien on the logs, which petition was filed May 20, 1886, so as to make the description of the logs described therein conform to the proofs taken and read as follows, to wit:" (Here follows a particular description of the logs upon which it is claimed the supplies furnished by the plaintiff were expended). The court allowed the amendment, and the defendants excepted.

The claim for a lien, and the original complaint, described the logs simply as " about 1,500,000 feet of pine saw-logs

and timber, end-marked and stamped M. B." The appellants had answered to the complaint; and made no objection on the trial to the insufficiency of the plaintiff's complaint or to the introduction of his evidence, except that the appellants objected to the introduction of the petition for a lien, which the respondent, at the close of his testimony, offered in evidence. The objection was that the logs were insufficiently described therein. This objection was overruled, and the defendants excepted. After the plaintiff rested his case the appellants moved to nonsuit the plaintiff on the sole ground that he did not prove that his action was commenced within four months after a lien was filed. Under the circumstances it is evident that the appellants were in no way misled by the generality of the description of the logs in the complaint and petition for a lien, and there was therefore no error in allowing the amendment, as permitted by the court. That the petition for a lien may be amended is fully established by the decisions of this court. *Witte v. Meyer*, 11 Wis. 295; *Brown v. La Crosse C. G. L. & C. Co.* 16 Wis. 555; *Challoner v. Howard*, 41 Wis. 355; *White v. Dumpke*, 45 Wis. 454; *Halpin v. Hall*, 42 Wis. 176, 181; *Sherry v. Schraage*, 48 Wis. 93; *Huse v. Washburn*, 59 Wis. 414; *Jacubeck v. Hewitt*, 61 Wis. 96; *Edleman v. Kidd*, 65 Wis. 18, 23. Sec. 3339, R. S., requires the plaintiff to allege in his complaint a description of the property against which he claims a lien. This allegation of the complaint is amendable in the same manner as any other allegation, and, when the evidence is admitted without objection, the courts may amend it to conform to the proofs in any case when it is evident the defendant is not surprised by such amendment and no injustice is done thereby.

*By the Court.*— The judgment of the circuit court is affirmed.