January Term 1862.

MORE et al. v. RUGGLES.

15 275
94 325

## MORE and another v. RUGGLES, Survivor, &c.

If the proceedings of a material-man are insufficient for the purpose of enforcing a lien under the statute, that is no reason why he may not take a personal judgment, if he establishes his right to one.

January Term,
1862.

GALLAGHER
v.
BISHOP et al.

ERROR to the Circuit Court for *Winnebago* County.

*Ruggles*, as surviving partner &c., sued out a summons against the plaintiffs in error, in April, 1852, for breach of covenant, damages $800. He also filed a petition claiming a lien for that sum upon the saw-mill of the plaintiffs in error. On the 12th of April, 1854, a declaration was filed in the action of covenant, and on the same day a default was entered, and an interlocutory judgment. October 17, 1854, a writ of inquiry was issued to the sheriff, who returned an inquisition, in which the plaintiff's damages were assessed at $600, and a personal judgment was rendered against the defendants below for that sum, and costs.

*Freeman & Wheeler*, for plaintiffs in error, urged, among other things, that the petition for the lien did not contain a sufficient description of the premises; that the declaration showed that the indebtedness accrued more than a year before the commencement of the suit, &c.

*E. S. Bragg*, for defendant in error.

May 15.

*By the Court*, PAINE, J. The only objections urged, go to the sufficiency of the proceedings for the purpose of enforcing a lien. But as no judgment was rendered for a lien, we do not see how those objections are material. The fact of such insufficiency is no reason why the plaintiff may not take a personal judgment, if he establishes the right to one.

The judgment is affirmed, with costs.