·THE BOWMAN LUMBER CO. v. NEWTON ET AL.

1. **Mechanic's Lien:** MATERIALS FOR TWO BUILDINGS: PLEADING. Where materials were furnished the defendant, under one contract, for two buildings erected by him on separate lots owned by him, *held* that it was not necessary, in a petition to foreclose a mechanic's lien for the materials, to set out a bill of particulars showing the materials purchased for each building separately.

*Appeal from Sac Circuit Court.*

TUESDAY, JUNE 21.

THIS is an action to enforce a mechanic's lien. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*W. A. Helsell,* for appellant.

*Elwood & Zane,* for appellees.

ROTHROCK, J.—It is stated in the petition, in substance, that the plaintiff sold a bill of lumber to the defendant Newton to be used in the erection of two buildings situated on separate lots in the town of Schaller; that said lumber was so used, and that the plaintiff is not able to designate and point out what items of the account for lumber were sold for one building, and what items were sold for the other, because all of the lumber for both buildings was sold upon a single contract for the two buildings, without any designation as to what part was for one and what part was for the other. The proper account for a mechanic's lien was filed, -describing the lots upon which the buildings were erected, and a promissory note was exhibited with the petition, which it is alleged by the plaintiff was executed by the defendant Newton for the balance due for the lumber. It is also averred that the other defendants claim some interest in the lots upon which the buildings were constructed; but whatever interest they have is junior to the plaintiff's mechanic's

lien. The demurrer was sustained upon the ground that it was incumbent on the plaintiff to set out in the petition a bill of particulars of the lumber sold for each building.

If the ruling upon the demurrer should be sustained, it would impose upon the material-man, where, in one bill, he sells lumber for two buildings, the necessity of following the lumber and knowing how much of the flooring, shingles, lath, building paper, siding, etc., was used in one building, and how much was used in the other. He must not only know the quantity used in each, but must be able to make his claim so that it will show that one charge in his books was for one building, and another for the other building. Neither the mechanic's lien law, nor the rules of pleading, make any such unreasonable requirement. It is true, as claimed by counsel for appellee, that section 2130 of the Code, which provides for the lien, is in the singular number. It provides for a lien on "any building." But this is only expressive of the right to a lien. It does not prohibit the establishment of a lien upon two buildings. The fact that part was for one building, and part for another, is a question which is not material to the person seeking to enforce the lien. If it be material to the owner, or to those who have acquired subsequent liens upon the property, or upon one or other of the buildings, it is for them to make such a showing as will protect the equitable rights of all parties. This will be a complete remedy for all the hardships which might otherwise arise in the cases supposed in appellee's argument.

The ruling upon the demurrer will be reversed, and the cause will be remanded, with leave to the defendants to answer if they are so advised.

REVERSED.