No. 13,329.

## SHAFER ET AL. *v.* ARCHBOLD ET AL.

MECHANIC'S LIEN.—*Notice to Owner.*—It is essential, in cases governed by the statute concerning mechanics' liens, that the owner of the property against which a lien for materials furnished is sought to be taken shall have notice.

From the Adams Circuit Court.

*D. D. Heller* and *P. G. Hooper,* for appellants.

ELLIOTT, J.—The appellants seek to enforce a lien against real estate owned by Angeline M. Archbold, for materials furnished by them to the contractor who erected a house thereon.

It is stated in the special finding that the appellants "notified James T. Archbold that they were furnishing materials for said house for said William P. Moon, contractor," but it is not stated that they notified Angeline M. Archbold, the owner of the property. The statute requires that notice shall be given to the owner. R. S. 1881, section 5295. It is essential, in cases governed by the statute, that the owner shall receive notice. Phillips Mech. Liens, section 345. A material fact is therefore absent, and the conclusions of law are correct.

It is argued on the part of the appellants that their motion for a new trial should be sustained, for the reason that on the question whether James T. Archbold was the agent of Angeline M. Archbold, the finding is contrary to the evidence.

James T. Archbold was the only witness who testified in behalf of the appellants on this question, and he said that " I made the contract with Moon; I paid for it; I was allowed by the court $1,000 for keeping Mary E. Troxell; some of that went into the house; I think about $170 of my wife's money is in the house ; I had no contract to act as

her agent; I never had any talk with her about acting as her agent; I built the house because I wanted her to have it."

We can not say, in view of the well settled rule upon the subject, that the finding of the trial court is contrary to the evidence. It is inferable from the evidence that James T. Archbold had no authority to act for Angeline M. Archbold, and that he acted only for himself; at all events, the trial court was not bound to infer that he was her agent.

Judgment affirmed.

Filed Oct. 9, 1888.