M. S. CLARK v. C. B. EDWARDS, et al.

*Mechanic's Lien—Sub-Contractor—Notice to Owner.*

1. While, under section 1789 of *The Code*, a mechanic's or laborer's lien, or lien for material, when filed, relates back and takes priority over all liens attaching, or purchases for value made subsequent to the beginning of the work or of furnishing the first material, yet it is good only for the amount due the contractor, laborer or material man.

2. A sub-contractor can enforce his right of lien against the owner of property only to the extent of any unpaid sums due the contractor at the date of giving notice to the owner of his, the sub-contractor's, claim.

3. Until a sub-contractor gives to the owner of property notice of his claim he has no lien and the owner is justified in making payment to the contractor.

4. The mere fact that laborers and sub-contractors are working on a building is not notice to the owner not to pay out to the contractor until it is ascertained how much is due by the latter to each and every sub-contractor, laborer, material man, &c.

This was a CIVIL ACTION tried at February Term, 1896, of WAKE Superior Court, before *McIver, J.*, and a jury.

The defendant, C. B. Edwards, on July 2, 1894, contracted with the Briggs Building and Manufacturing Company, a corporation, to erect on the lot described in the complaint a residence at a cost of $3,050, $2,000 of which was paid in cash upon the execution of said contract, and the balance, $1,050, was to be paid in hardware as called for by the said company, as shown in said contract.

In December, 1894, the plaintiff contracted with the Briggs Building and Manufacturing Company to furnish material and put on the said residence a slate roof, which he did as sub-contractor, completing the said roof about February 1, 1895. It is admitted that the said company is indebted to the plaintiff in the sum of $270.82 on account of said roof. It is also admitted that the said company made a general assignment on the 8th of March, 1895, to P. Thiem, trustee, for the benefit of creditors.

The plaintiff was examined in his own behalf and testified: " I made a contract with the said company through John D. Briggs, secretary and treasurer of said company, to put a slate roof upon defendant Edwards' house as sub-contractor sometime in December, 1894, and completed same February 1, 1895. Shortly after the said roof was completed the said company made an assignment. Early in April, 1895, I had a conversation with Mr. Edwards, the defendant, at his place of business, and I told him that the Briggs Building and Manufacturing Company owed me for

CLARK v. EDWARDS.

putting a roof on his house, and I thought he should pay for the same. He told me that he did not owe the company anything, but had overpaid them for work done on the house. He showed me some papers about the matter. Mr. Edwards saw me at work on the house during the time I was putting on the roof. The balance due for said slate roof under the sub-contract is $270.82, no part of which has been paid. Sub-contractor's lien was filed in the office of the clerk of the superior court, October 5, 1895."

The defendant Edwards testified: "I made the contract with the Briggs Building and Manufacturing Company on the 2d of July, 1894, to erect my residence for $3,050, and at the time of making the contract I paid the company $2,000 in advance on contract price. The balance, $1,050, was to be paid in hardware as the company called for the same. At the time the assignment was made I had overpaid the company for the work done on my house about $700. After the assignment I saw Mr. Briggs and asked him about the completion of my building. I told him I had largely overpaid the company for the work done on the building, and I wanted it finished. Mr. Briggs told me if I would pay for the materials and labor he would superintend the finishing of the house without charge for himself, and would furnish me with the bills each week for work done and materials furnished, which he did. In this way the building was finished about July 1, 1895, at a cost of about $700 over the contract price. Some time in April, 1895, Mr. Clark came to my place of business and told me that the Briggs Building and Manufacturing Company owed him for putting the roof on my house, and wanted me to pay him for it. I told him I had overpaid the contractors largely for the work done on my house and could not pay him for it. He insisted that I ought to pay him, and I told him I would refer the matter to disinterested parties

to settle, and he went off, and afterwards this suit was brought. I never received any notice of plaintiff's claim except on October 5, 1895, when notice was filed in the office of clerk of the superior court. Of the $1,050 which was to be paid in hardware under the contract, I paid about $30 in hardware to the company before assignment. Instead of requiring the balance, $1,020, to finish the house, it took $1,740 to finish it. Have never paid the $1,020 on the original contract."

The plaintiff stated he did not ask any judgment against John D. Briggs individually.

The plaintiff tendered the following issues : " What, if anything, was due the contractor, the Briggs Building and Manufacturing Company, on the contract to build the residence of the defendant, C. B. Edwards, at the time the plaintiff furnished the material and labor to put the slate roof on said residence, at the time notice was given of plaintiff's claim, and the lien was filed ? "

His Honor rejected this issue, and submitted the following issue to the jury :

" What amount, if any, was due from C. B. Edwards to the Briggs Manufacturing Company at the time the plaintiff gave notice to said Edwards of his claim ? "

Plaintiff excepted.

After argument by counsel of plaintiff, his Honor said it was not necessary to prolong the case further. He then instructed the jury that if they believed the evidence in the case they would answer the issue submitted, " Nothing." The jury answered the said issue " Nothing."

Plaintiff moved for a new trial for error in rejecting the issue tendered by him, and for error in the charge of his Honor to the jury. Motion was overruled and plaintiff appealed.

CLARK v. EDWARDS.

*Mr. J. C. L. Harris*, for plaintiff (appellant).
*Mr. W. N. Jones*, for defendant.

CLARK, J. : It is true, under Section 1789 of *The Code*, that where a mechanic's or laborer's lien, or lien for material, is filed as required, it dates back and takes priority of all liens attaching, and against all purchases for value (though without notice) made subsequent to the beginning of the work, or furnishing the first material. *Burr* v. *Maultsby*, 99 N. C., 263 ; *Lumber Company* v. *Hotel Company*, 109 N. C., 658. But such lien is only good for the amount due the contractor, laborer or material man, and the sub-contractor can be put in no better condition. As defendant's counsel said forcibly and pertinently on the argument, the sub-contractor can only sue into the contract. Accordingly *The Code*, Section 1801, affords the sub-contractor giving notice of his claim a right to a lien " not exceeding the amount due the original contractor at the time of notice given," and Section 1802 confers on the sub-contractor the right to enforce such lien if the owner fails " to retain " the amount thereof " out of the amount due the said contractor." In this case the plaintiff, who was sub-contractor, did not give the owner of the property notice of his claim till after the contractor, who was paid up to that date, had failed in business and abandoned the work. Neither at that time nor at any time thereafter was anything due the contractor—the owner completing the building himself. There was therefore no sum due the contractor out of which the owner should have " retained " the plaintiff's claim. The plain language and intent of the statute controvert the plaintiff's contention, which, if correct, would prevent owners from paying anything to contractors till twelve months after the completion of their work. The mere fact that laborers and sub-contractors are

working on the building is not notice to the owner not to pay out to the contractor till it is ascertained how much is due by the contractor to each and every sub-contractor, laborer, material man, &c. The statute requires that the sub-contractor must give notice, and till he does this he does not have a lien, and the owner is justified in making payment to the contractor.

No Error.