MARK PAINE LUMBER COMPANY, Respondent, vs. DOUGLAS COUNTY IMPROVEMENT COMPANY, imp., Appellant.

*October 16 — November 4, 1896.*

*Mechanics' liens: Amending claim and notice to owner: Description of property: Pleading: Joint general demurrer.*

1. The description of the property in a claim for a mechanic's lien may be amended under sec. 3320, S. & B. Ann. Stats., by order of the court, in the same manner as pleadings are amended, even after the expiration of the six months during which such a claim may be filed under sec. 3318, especially where the claim is not so defective as to be an absolute nullity and the rights of third parties have not intervened.

2. The description of the property in the notice to the owner of a claim for a subcontractor's lien cannot be amended after the expiration of the sixty days during which such a notice can be served, the object of such notice being to enable the owner to protect himself by withholding the amount claimed from the principal contractor.

3. A joint general demurrer to a complaint for insufficiency on behalf of several defendants is bad, if the complaint states a cause of action against any one of them.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The case is stated in the opinion.

For the appellant there was a brief by *Pealer, Titus & Lemmon,* and oral argument by *A. C. Titus.*

For the respondent there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.*

CASSODAY, C. J. This action is brought to enforce a subcontractor's lien upon the premises described. The complaint as amended alleges in effect that September 22, 1893, the defendant company, as owner of the lots mentioned, contracted with Berg & Norden for the construction of two dwelling houses, one on each of the lots described; that

Berg & Norden thereupon began the work, and completed the buildings December 1, 1893; that between September 22, 1893, and November 12, 1893, the plaintiff sold and delivered to Berg & Norden building materials, to be used in the construction of such buildings, to the amount of $649.34, of which $187.56 remained unpaid; that the plaintiff's last charge for such materials was October 31, 1893; that December 30, 1893, the plaintiff caused to be served on the defendant company a notice in writing, which contained a full itemized statement and account of the lumber and building materials sold to Berg & Norden, and which were actually used in the erection and construction of said buildings; that said notice, by order of the court, was amended April 8, 1895, so as to contain all the allegations that were necessary under the statute,— a copy of which notice is attached to the complaint and made a part thereof; that the plaintiff's claim for a lien was duly filed in the clerk's office January 18, 1894, in due form, containing all the necessary allegations, except that, by mistake, said claim did not set forth an exact description of the property; that, by an order made April 8, 1895, the said claim was amended so as to contain a full and true description of said buildings and property. To that amended complaint the defendants demurred, on the ground that it did not state facts sufficient to constitute a cause of action. From the order overruling such demurrer the defendant company brings this appeal.

1. The statute requires that such claim for a lien, among other things, shall contain "a description of the property affected thereby." S. & B. Ann. Stats. sec. 3320. The amended complaint alleges that by mistake the claim for a lien filed with the clerk of the court January 18, 1894, did not set forth an exact description of the property, but that by an order of the court the same was amended April 8, 1895, "so as to contain a full and true description of said buildings and property." The section of the statute cited

Mark Paine Lumber Co. vs. Douglas County Improvement Co.

authorizes such claim to be amended the same "as pleadings," even after the expiration of the six months mentioned in sec. 3318, S. & B. Ann. Stats., especially when, as here, the claim is not so defective as to be an absolute nullity, and the rights of third parties are not interfered with. *Witte v. Meyer*, 11 Wis. 295, 300; *Sherry v. Schraage*, 48 Wis. 93; *Huse v. Washburn*, 59 Wis. 414; *Stacy v. Bryant*, 73 Wis. 14–19; *Kerrick v. Ruggles*, 78 Wis. 274.

2. The amended complaint fails to allege that the plaintiff's notice to the defendant company, served December 30, 1893, contained any such description, but does allege that the same was by order of the court amended April 8, 1895, so as to contain all the allegations that were necessary under the statute,— giving a copy of such notice so amended. The question recurs whether such defective notice could properly be amended long after the expiration of the sixty days for serving the same. S. & B. Ann. Stats. sec. 3315. The statute gives to the principal contractor who furnishes materials and uses them in the construction of a building a lien therefor immediately. Sec. 3314, S. & B. Ann. Stats. Another section of the statute provides that "every person who, as subcontractor of a principal contractor, . . . furnishes any materials to a principal contractor, in any of the cases mentioned in the preceding section, shall be entitled to the lien and remedy given by this chapter, *if within sixty days after* . . . furnishing such materials, he shall give notice in writing to the owner or his agent, *of the property to be affected by such lien*, setting forth," among other things, that he has furnished materials to the principal contractor, the amount due therefor from him, "and that he claims the lien given by" the statute. Sec. 3315, S. & B. Ann. Stats. The manifest object of such notice is to enable the owner to protect himself by withholding the amount so claimed from the principal contractor. It would be a gross injustice to the owner to allow such notice to be amended after the

expiration of the sixty days. Obviously, a description "of the property to be affected by such lien" is an essential part of such notice. The filing of a claim for a lien, as required by sec. 3318, S. & B. Ann. Stats., is for an entirely different purpose. It is, as indicated in some of the cases cited, for the purpose of protecting third persons. We must hold that the complaint fails to show that the notice required by sec. 3315, S. & B. Ann. Stats., was given within the sixty days, and hence fails to show that the plaintiff is entitled to the lien.

3. Although the complaint fails to state a cause of action for a lien, and also fails to state any cause of action against the defendant company personally, yet it does state a good cause of action against Berg & Norden personally for the balance due the plaintiff for the materials sold and delivered to them by the plaintiff. The statute expressly authorizes a recovery upon such personal contract, notwithstanding the failure to establish the lien. S. & B. Ann. Stats. sec. 3324. This court has repeatedly held that a general demurrer to a complaint for insufficiency must be overruled if the complaint states a good cause of action against the defendant personally, even though it fails to state a cause of action for a lien. *More v. Ruggles,* 15 Wis. 275; *Hyde v. Kenosha Co.* 43 Wis. 129; *Bronson v. Markey,* 53 Wis. 98; *Moritz v. Splitt,* 55 Wis. 441; *Drefahl v. Connell,* 85 Wis. 112. Such general demurrer can only be sustained when the complaint states no cause of action whatever. *Id.* Had the defendant company alone demurred, then such demurrer might properly have been sustained. But all the defendants joined in the demurrer. This court has repeatedly held that such a demurrer is bad if the complaint states a good cause of action against any of the defendants. *Webster v. Tibbits,* 19 Wis. 438; *Willard v. Reas,* 26 Wis. 540; *McGonigal v. Colter,* 32 Wis. 614.

*By the Court.*— The order of the superior court of Douglas county is affirmed.