Rosholt and others, Respondents, vs. Corlett and wife,. imp., Appellants.

*March 22 — April 6, 1900.*

*Mechanics' liens: Subcontractors: Notice to owner: Evidence.*

Unless a proper foundation therefor has been laid, oral testimony is incompetent to show compliance with the provision of sec. 3315, Stats. 1898, requiring subcontractors who claim a lien to give written notice thereof to the owner of the property affected.

Appeal from a judgment of the circuit court for Waukesha county: James J. Dick, Circuit Judge. *Reversed.*

*John A. Kelly,* for the appellants.

For the respondents there was a brief by *William Fleming,* attorney,·and *Anthony B. Rogan,* of counsel, and oral argument by *Mr. Rogan.*

Winslow, J. No extended statement of the facts of the case is necessary. The action was a consolidated action for the foreclosure of three alleged mechanics' liens in favor of subcontractors and materialmen against *Corlett,* the owner of the building, *Lizzie Corlett,* his wife, and the principal contractors for the building, Lesna and Jones; and the judgment established such liens and adjudged *Corlett* and wife personally liable. The complaints charged that the materials were sold and the work performed upon the joint request of the owner and the contractors, and did not allege the giving of the notice required by sec. 3315, Stats. 1898. Upon the trial it appeared without dispute that the materials were sold to, and the work was performed for, the principal contractors alone, and that neither *Corlett* nor his wife ordered the materials or made any contract with either of the plaintiffs. The only proof of the notice required by sec. 3315, *supra,* consisted of this question and answer, which was put to each claimant: " *Q.* You gave due notice to *Mr.*

*Corlett?* (Objected to as incompetent. Overruled, and exception taken.) *A.* Yes, sir."

This proof was utterly incompetent, because the notice required must be in writing, and no foundation for oral proof of it had been laid. The objection should have been sustained. The lien is a creature of the statute, and every step prescribed by the statute must be shown to have been substantially followed, or it does not exist. There being no competent proof of the giving of the notice, the lien was never proven. The finding to that effect is, therefore, unsupported by the evidence. It follows that the judgment of lien, as well as the personal judgment for the amount thereof against the appealing defendants, *Corlett* and his wife, must be reversed.

*By the Court.*— Those parts of the judgment adjudging liens upon the real estate named in the complaint and personal recoveries against the appellants, *Corlett* and wife, are reversed, and the action remanded with directions to dismiss the action as against said appealing defendants.