NORTH DAKOTA LUMBER COMPANY v. G. BULGER, NORWEGIAN-
. DANISH METHODIST EPISCOPAL CHURCH OF McVILLE, N. D.,
(CONNECTED WITH THE NORWEGIAN-DANISH ANNUAL CON-
FERENCE OF THE METHODIST EPISCOPAL CHURCH), A COR-
PORATION, AND THE REV. THOMAS MYERS, D. D. MEMORIAL
METHODIST EPISCOPAL CHURCH, A CORPORATION.

Opinion filed March 19, 1910.
Rehearing denied April 12, 1910.

**Mechanic's Lien — Subcontractor — Sufficiency of Notice to Owner.**

> Where a subcontractor seeks to avail himself of the benefit of the
> mechanic's lien law, he must bring himself fairly within its pro-
> visions by complying with its terms, and is not entitled to a lien
> unless he notifies the owner of the land by registered letter previous
> to the completion of the contract that he has furnished materials,
> machinery, or fixtures. Mere personal knowledge of the owner that
> a particular person is furnishing material to the contractor does not
> supply a statutory notice upon which the person furnishing the ma-
> terials can predicate a mechanic's lien on the property of the owner.

Appeal from District Court, Nelson County; *Templeton,* J.

Action by the North Dakota Lumber Company against G. Bul-
ger and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Flynn & Traynor* and *Murphy & Duggan,* for Appellant.

*W. J. Courtney,* for Respondent.

CARMODY, J. This is an action brought by the plaintiff to fore-
close a mechanic's lien which was filed against the defendants for
certain lumber and building materials sold to the contractor for
use in the church building, being constructed for the defendant
churches. On the trial the plaintiff in open court stitpulated the
fact to be that the defendants , the Norwegian-Danish Methodist
Episcopal Church of McVille, N. D., and the Thomas Myers, D.
D., Memorial Methodist Episcopal Church, were and are the
owners of the real estate involved in this action and described in
the complaint, and that the defendant G. Bulger was and is the con-
tractor who, under contract with the said churches, costructed the
church building upon the real estate involved in this action for said
churches, and that the plaintiff, with · the full and actual knowl-
edge and consent thereto of the defendants, said Norwegian-Dan-
ish Methodist Episcopal Church of McVille, N. D., and the Thomas

Myers, D. D., Memorial Methodist Episcopal Church, sold and delivered lumber and building materials to the said G. Bulger for use in the construction of said church building, and that this is an action to foreclose a mechanic's lien claimed in favor of the plaintiff against the said church building and the real estate occupied thereby belonging to the said churches; for the balance due plaintiff on the purchase price of said materials, and that the plaintiff did not notify the said defendants, the Norwegian-Danish Methodist Episcopal Church of McVille, N. D., and the Thomas Myers, D. D., Memorial Methodist Episcopal Church, by registered mail, previous to the completion of the church building aforesaid then being constructed by said Bulger for said churches, that it (the plaintiff) had furnished to said Bulger materials for use in said building, and that the same was not fully paid for. Whereupon, on motion of the defendants, the court made an order dismissing said action upon the ground that no notice by registered mail was given prior to the completion of the contract. Thereafter a judgment was duly entered in favor of the defendants and against the plaintiff, from which judgment plaintiff appeals and demands a rehearing on issues of law shown herein.

The sole question to be determined on this appeal is whether the requirement in section 6237, Rev. Codes 1905, as to registered notice, is absolutely indispensable to the obtaining of a lien by the furnisher of materials, machinery, or fixtures. This section, after giving the right to a lien to the person who furnishes materials for the construction of a building, contains the following words: "Provided, that no person who furnishes any materials, machinery or fixtures as aforesaid, for a contractor or a subcontractor shall be entitled to file such lien unless he notify the owner of the land by registered letter previous to the completion of said contract that he has furnished such materials, machinery or fixtures." The purpose of the notice required by this section is to enable the owner of the property to take such steps for his own protection as he may deem necessary, so as not to be compelled to pay twice for the same improvement. The notice is a condition precedent to his right to acquire a lien. The doctrine is well settled that, where one seeks to avail himself of the benefits of a purely statutory right, he must bring himself fairly within its provisions, by complying with its terms. Mere personal knowledge of the owner that a particular person is furnishing materials to the contractor

does not supply a statutory notice upon which the person furnishing the materials can predicate a mechanic's lien on the property of the owner. In order, therefore, to create a lien, it is a fundamental requirement that the owner be notified as the statute requires.

The initiatory step in the acquisition of a statutory lien by a materialman who furnishes material to a contractor is to notify. the owner of the land in the manner provided by statute, in this state by registered letter, previous to the completion of the contract, that he has furnished such materials, machinery, or fixtures, A mechanic's lien is a creature of the statute, and every step prescribed by the statute must be shown to have been substantially followed, or it does not exist. Mark Paine Lbr. Co. v. Douglas County Imp. Co. et al., 94 Wis. 322, 68 N. W. 1013; Rosholt et al. v. Corlett et al., 106 Wis. 474, 82 N. W. 305; Caylor v. Thorn 125 Ind. 201, 25 N. E. 217; Robbins v. Blevins, 109 Mass. 219; Berry v. McAdams, 93 Tex. 431, 55 S. W. 1112; Neeley v. Searight, 113 Ind. 316, 15 N. E. 598; Schulenberg v. Bascom, 38 Mo. 188, 189, Clark v. Edwards, 119 N. C. 115, 25 S. E. 794; Shafer v. Archbold, 116 Ind. 29, 18 N. E. 56.

The appellant contends that the formality of sending a registered letter to the defendants advising them that the plaintiff was furnishing materials for the church was rendered unnecessary by reason of the fact that the defendants already had actual knowledge of the facts which such letter could give, and had prior to the completion of the contract, and in fact as the materials were being furnished, actual knowledge of plaintiff's furnishing the lumber for the church building and had approved of its doing so, and consented thereto, and the mailing of this information to the defendants was absolutely unnecessary, and a useless act under the circumstances. This contention must be overruled. Personal knowledge of the defendants that plaintiff was furnishing the material to the contractor is not sufficient to entitle plaintiff to a lien. See cases hereinbefore cited. The provision of the statute which requires those who desire to acquire a lien on the property to notify the owner is a salutary one, not only for the benefit of the owner, but of the laborer and materialman as well. To hold with appellant would annul the purposes of the statute and fritter away its beneficial provisions· No notice having been given to the de-

fendants by registered mail, they had the right to presume that the plaintiff relied upon the responsibility of the contractor.

The case of Robertson Lumber Co. v. Bank of Edinburg, 14 N. D. 511, 105 N. W. 719, is not in point. In that case notice by registered letter had been given to the owner, so that the question of notice was not in controversy.

Appellant contends that, as to materialmen who furnish materials with the knowledge of the property owner, the following provision of the statute would apply, to wit: "The owner shall be presumed to have consented to the doing of any such labor or the making of any such improvement, if at the time he had knowledge thereof, and did not give notice of his objection thereto to the person entitled to the lien." This provision does not help appellant, as it only applies to a contractor, and not to a subcontractor and has no application to the case at bar.

The judgment appealed from is clearly right and is affirmed. All concur.

On petition for rehearing.  CARMODY, J.

Plaintiff in this case filed a petition for a rehearing, in which it contends that this court has failed to consider or decide the vital point at issue in this case, in this, that the court has wholly failed to in any way define the terms "full and actual knowledge, approval, and consent," as applied to the facts in this case, and has wholly failed to take cognizance of the contention of plaintiff and appellant upon the oral argument of this case, wherein plaintiff and appellant contended that, the defendant churches having obtained the material from plaintiff and appellant through their contractor under the contract between said plaintiff and said contractor with the full and actual knowledge, approval, and consent of said defendant churches, the said churches thereby became parties to the contract between plaintiff and the defendant Bulger, thereby establishing a direct contractual relationship between plaintiff and the defendant churches, and that the plaintiff thereupon became no longer or in fact never a subcontractor, but instead contracting directly with the defendant churches, and furnished material, not "for a contractor or subcontractor," but for the owners.

That the statute does not require the materialman, when contracting directly with the owners, to give the said owner or owners any notice by registered mail, and that, under the facts as stipulated

in this case, there being a direct contractual relationship between plaintiff and the defendant churches, owners of the property, the statute did not require the plaintiff to give the owners any notice by registered mail.

Plaintiff strenuously contends that full and actual knowledge, approval, and consent imports every presumption of direct contractual relationship, between plaintiff and the owners. It presumes, for instance, that the owners went personally and picked out every parcel and portion of that material from the lumber yard; that they personally passed upon each and every article as it was obtained from the plaintiff; that they knew, as each item was purchased, just what it cost, knew whether or not the plaintiff had been paid, knew it was going into their building, and not only knew these things, but took an active participation in the making of the contract for the materials and in the direction of the delivery and disposal of the materials as parties to the contract, together with Bulger, the builder, on the one hand, and the plaintiff, as materialman, on the other.

We agree with the plaintiff that the statute does not require the materialman, when contracting directly with the owner, to give the said owner or owners any notice by registered mail; but we do not agree with it that the facts as stipulated in this case and which are, as far as material, as follows: "That the defendant Bulger was and is the contractor who, under contract, with the said churches, constructed the church building upon the real estate involved in this action for said churches, and that the plaintiff, with the full and actual knowledge and consent thereto of the defendants, * * * sold and delivered lumber and building materials to the said G. Bulger for use in the construction of said church building"—constitute a direct contractual relationship between the plaintiff and the owners. The fact that the owners knew and consented to the plaintiff furnishing the defendant Bulger material to be used in the construction of the church does not release the plaintiff from notifying the defendant churches by registered letter, previous to the completion of said contract, that it furnished such materials, machinery, or fixtures. The statute makes no exception. It requires the materialman in every instance to give the owner the required notice. As stated in the original opinion, the notice is a condition precedent to the right of the materialman to acquire a lien. The purpose of the notice is to enable the owner

of the property to take such steps for his own protection as he may deem necessary, so as not to be compelled to pay twice for the same improvement. There is nothing in the stipulation to show that the defendant churches knew that the material was not fully paid for. The statute requiring notice is not only for the benefit of the owner, but for the laborer and materialman as well. It is no hardship to require the materialman to give the notice required by the Code.

In Rosholt et al. v. Corlett et al., 106 Wis. 474, 82 N. W. 305, which was an action for the foreclosure of three alleged mechanics' liens in favor of subcontractors and materialmen against Corlett, the owner of the building, Lizzie Corlett, his wife, and the principal contractors for the building, the complaints charged that the materials were sold and the work performed upon the joint request of the owner and the contractors, and did not allege the giving of the notice required by the statute. Upon the trial it appeared without dispute that the materials were sold to, and the work was performed for, the principal contractors alone, and that neither Corlett nor his wife ordered the materials or made any contract with either of the plaintiffs. The court said: "The lien is a creature of the statute, and every step prescribed by the statute must be shown to have been substantially followed, or it does not exist."

In the case at bar, there is nothing in the evidence or the stipulation to show that the plaintiff made any contract with the defendant churches. The part of the stipulation that the plaintiff, with the full and actual knowledge and consent thereto of the defendants, said Norwegian-Danish Methodist Episcopal Church of McVille, N. D., and the Thos. Myers, D. D., Memorial Methodist Episcopal Church, sold and delivered lumber and building material to the said G. Bulger for use in the construction of said church building, falls far short of showing that the plaintiff sold the material to the defendant churches. In fact, it shows that the materials were sold to the defendant Bulger. The actual knowledge and consent of the defendants that plaintiff sell said material to defendant Bulger does not constitute any contract between plaintiff and defendant churches.

The petition for rehearing is denied. All concur.