## F. H. STOLTZE v. H. A. HURD, J. A. Roell, Margaret Roell, The Fidelity Mutual Life Insurance Company, a Corporation.

(30 L.R.A.(N.S.) 1219, 128 N. W. 115.)

**Mechanics' Lien — Building on Lots Owned in Severalty.**

When two persons have made a joint contract with a builder for the erection of a building to be placed on two adjoining lots owned in severalty by each of said persons, and a subcontractor furnishes building material, which

---

Note.—The other cases as to mechanics' liens where a building covers adjoining lands held in severalty are reviewed in a note to this case in 30 L.R.A.(N.S.) 1219.

As to extent of land to which mechanics' lien will attach, see note in 26 L.R.A. (N.S.) 831.

is used for the erection of such building under an entire contract with the builder, he is entitled to a joint lien, but not to a separate lien against one lot and the part of the building standing thereon.

Filed September 17, 1910.

Appeal from District Court, Ward county; *Hon. E. B. Goss, J.*

Action by F. H. Stoltze v. H. A. Hurd, J. A. Roell, Margaret Roell, The Fidelity Mutual Life Insurance Company, a Corporation.

From order overruling demurrer to complaint, defendants appeal.

Reversed.

*Thompson & Schull* and *F. B. Lambert,* for appellants.

If the contract under which the work was done was joint, the lien must be joint, or not at all. Sergeant v. Denby, 87 Va. 206, 12 S. E. 402; Phillips v. Gilbert, 101 U. S. 721, 25 L. ed. 833; Fullerton v. Leonard, 3 S. D. 118, 52 N. W. 325; Holland v. Cunliff, 96 Mo. App. 67, 69 S. W. 737; Lehmer v. Horton, 67 Neb. 574, 93 N. W. 964, 2 A. & E. Ann. Cas. 683; Culver v. Lieberman, 69 N. J. L. 341, 55 Atl. 812; Idaho Min. & Mill. Co. v. Davis, 52 C. C. A. 200, 123 Fed. 396; Bowman Lumber Co. v. Newton, 72 Iowa, 90, 33 N. W. 377; Lewis v. Saylors, 73 Iowa, 504, 35 N. W. 601; McElroy v. Keily, 27 R. I. 474, 63 Atl. 238; Wall v. Robinson, 115 Mass. 429; Worthley v. Emerson, 116 Mass. 374; Rice v. Nantasket Co. 140 Mass. 256, 5 N. E. 524; Premier Steel Co. v. McElwaine-Richards Co. 144 Ind. 619, 43 N. E. 878; Maryland Brick Co. v. Spilman, 76 Md. 342, 17 L.R.A. 599, 35 Am. St. Rep. 434, 25 Atl. 297; Willamette Mills Co. v. Shea, 24 Or. 40, 32 Pac. 759; Orr v. Northwestern Mut. L. Ins. Co. 86 Ill. 260; James v. Hambleton, 42 Ill. 308; Batchelder v. Rand, 117 Mass. 176; Quimby v. Durgin, 148 Mass. 104, 1 L.R.A. 514, 19 N. E. 14; Wall v. Robinson, 115 Mass. 429; Lax v. Peterson, 42 Minn. 214, 44 N. W. 3; O'Leary v. Roe, 45 Mo. App. 567; Kick v. Doerste, 45 Mo. App. 134; Cole v. Colby, 57 N. H. 98; McAuley v. Mildrum, 1 Daly, 396; Livingston v. Miller, 16 Abb. Pr. 371; Mandeville v. Reed, 13 Abb. Pr. 173; Chadbourn v. Williams, 71 N. C. 448; Pennock v. Hoover, 5 Rawle, 291.

Oral agreement affecting title to land is void. Rodgers v. Lamb, 137 Mich. 241, 100 N. W. 440; Foster v. Ross, 33 Tex. Civ. App. 615, 77 S. W. 990; Sebree v. Thompson, 31 Ky. L. Rep. 1146, 104 S. W.

781; Jante v. Culbreth, — Tex. Civ. App. —, 101 S. W. 279; Wood v. Wood, 124 Ind. 545, 9 L.R.A. 173, 24 N. E. 751; Tucker v. Otten-heimer, 46 Or. 585, 81 Pac. 360.

C. Aurland, for respondent.

Plaintiff had a lien on both lots and buildings. Menzel v. Tubbs, 51 Minn. 364, 17 L.R.A. 815, 53 N. W. 653, 1017; Lax v. Peterson, 42 Minn. 214, 44 N. W. 3; Fullerton v. Leonard, 3 S. D. 118, 52 N. W. 325; Reilly v. Williams, 47 Minn. 590, 50 N. W. 826.

If he had a lien on both, he had on one. Miexell v. Griest, 1 Kan. App. 145, 40 Pac. 1070; Reilly v. Williams, 47 Minn. 590, 50 N. W. 826.

Lienor could hold on a portion of the lots, and waive as to others. Miexell v. Griest, 1 Kan. App. 145, 40 Pac. 1070; Miller v. Shepard, 50 Minn. 268, 52 N. W. 894; Reilly v. Williams, 47 Minn. 590, 50 N. W. 826; Carr v. Hooper, 48 Kan. 253, 29 Pac. 398; Carter Lum-ber Co. v. Simpson, 83 Tex. 370, 18 S. W. 812; Poole v. Fellows, 25 R. I. 64, 54 Atl. 772.

CARMODY, J. This is an action brought by plaintiff to foreclose an alleged mechanic's lien. The complaint alleges that the defendant J. A. Roell is the owner of lot 20 in block 7, of the town site of Minot, in Ward county, North Dakota.

That one A. S. Blakey is the owner of lot 21 in said block 7, that said lots are adjoining, and that the defendant Roell and the said Blakey entered into a joint contract with the defendant Hurd for the construction and erection by him, the said H. A. Hurd, for them, upon the said lots 20 and 21, of a three-story brick and stone building.

That in pursuance of said contract the defendant Hurd did erect and construct on said lots a three-story brick and stone building.

That on or about the 17th day of April, 1907, plaintiff entered into a contract for the sale to the defendant Hurd of certain building material to be by him used in the construction of said building.

That plaintiff did furnish defendant Hurd building material of the value of $5,740.48.

That prior to the completion of said building, the plaintiff duly noti-fied the said A. S. Blakey and the said J. A. Roell, and each of them, that he had furnished said materials to defendant Hurd as aforesaid.

That on or about the 10th day of January, 1908, at the request of the defendant Hurd and the said A. S. Blakey, and with the consent of the defendant J. A. Roell, and in consideration of the payment to him of the sum of $3,000 by the said A. S. Blakey, the plaintiff waived his lien upon the said lot 21 and the part of the building thereon standing.

That on the 12th day of March, 1908, he filed in the office of the clerk of the district court in and for Ward county, a duly verified claim, for the purpose of securing and perfecting a lien for the balance of the moneys due him for the materials so furnished on said lot 20, and the building thereon standing.

That subsequently $407 was paid by defendant Hurd to this plaintiff.

That on the 14th day of July, 1908, for the purpose of further perfecting his lien, he filed as supplementary and amendatory to the lien statement filed on March 12th, his supplementary and amendatory claim therefor.

That the whole of said lot 20 is required for the convenient use and occupation of said building.

That the defendants and each of them claim to have some interest in or lien or encumbrance upon the said premises, which, if any there be, the plaintiff alleges are subsequent and subject to his lien.

That there is due and owing the plaintiff from the defendant Hurd the sum of $2,224.40.

Plaintiff asks judgment for that amount, for the foreclosure of his lien; that the rights and interests of the defendants and each of them, in said premises, be determined, if any they have, and the same be decreed to be subject and subsequent to the lien of the plaintiff; for the sale of the said lot 20 and the building thereon standing, and for a deficiency judgment against the defendant Hurd.

To this complaint defendant Hurd interposed the following demurrer: "Comes now the defendant H. A. Hurd, and demurs to the complaint of the plaintiff herein, on the ground that two causes of action have been improperly united on said complaint;

And demurs to the complaint on the further ground that said complaint does not state facts sufficient to constitute a cause of action against this defendant;

And on the further ground that the court has no jurisdiction of the subject of the action."

The defendants J. A. Roell, Margaret Roell, and the Fidelity Mutual Life Insurance Company, demurred to the complaint as follows:

1. That there is a defect of parties defendant.

2. That several causes of action have been improperly united.

3. That the complaint does not state facts sufficient to constitute a cause of action.

Both of these demurrers were overruled. From the orders overruling said demurrers, separate appeals were taken to this court, which appeals were submitted together. Defendants assign as error the overruling of the demurrers.

Section 6238, Rev. Codes 1905, reads as follows: "If labor is done or materials furnished under a single contract for several buildings, erections, or improvements, the person furnishing the same shall be entitled to a lien therefor as follows:

1. If such buildings, erections, or improvements are upon a single farm, tract, or lot, upon all such buildings, erections, and improvements, and the farm, tract, or lot upon which the same are situated.

2. If such buildings, erections, or improvements are upon separate farms, tracts, or lots, upon all such buildings, erections, and improvements and the farms, tracts, or lots upon which the same are situated; but upon the foreclosure of such lien the court may in the cases provided for in this subdivision apportion the amount of the claim among the several farms, tracts, or lots in proportion to the enhanced value of the same produced by means of such labor or materials, if such apportionment is necessary to protect the rights of third persons."

The doctrine is well settled that, where one seeks to avail himself of the benefits of a purely statutory right, he must bring himself fairly within its provisions, by complying with its terms. A mechanics' lien is a creature of the statute, and every step prescribed by the statute must be shown to have been substantially followed, or it does not exist. Mark Paine Lumber Co. v. Douglas County Improv. Co. 94 Wis. 322, 68 N. W. 1013; Rosholt v. Corlett, 106 Wis. 474, 82 N. W. 305; Caylor v. Thorn, 125 Ind. 201, 25 N. E. 217; Robbins v. Blevins, 109 Mass. 219; Berry v. McAdams, 93 Tex. 431, 55 S. W. 1112; Neely v. Searight, 113 Ind. 316, 15 N. E. 598; Schulenburg v. Bas-

com, 38 Mo. 188; Clark v. Edwards, 119 N. C. 115, 25 S. E. 794; Shafer v. Archbold, 116 Ind. 29, 18 N. E. 56; North Dakota Lumber Co. v. Bulger, 125 N. W. 883.

There was but a single joint contract made by defendant Hurd with the owners of the lots for the construction of a building upon both lots. The plaintiff sold the building material to defendant Hurd, under one contract for both buildings.

The contract entered into by the lienor is the basis of the lien, and if the contract under which the work is done and the material furnished is joint, "the lien must be joint, or not at all." Sergeant v. Denby, 87 Va. 206, 12 S. E. 402.

The United States Supreme Court in Phillips v. Gilbert, 101 U. S. 721, 25 L. ed. 833, in an appeal from the supreme court of the District of Columbia, in which the act of Congress passed February 2d, 1859 (11 Stat. at L. 376, chap. 17) providing that "any person who shall hereafter, by virtue of any contract with the owner of any building . . . perform any labor upon or furnish any materials . . . for the construction or repairing of such building, shall, upon filing the notice prescribed in § 2 of this act have a lien upon such building and the lot of ground upon which the same is situated," where such a lien was claimed for materials furnished and work done upon a row of brick buildings upon different lots, under a joint contract therefor with the owner, held that, such contract being joint, the lien must be joint. The opinion by Mr. Justice Bradley contains: "The contract was one, and related to the row as an entirety, and not to the particular buildings separately. The whole row was a building within the meaning of the law, from having been united by the parties in one contract, as one general piece of work."

The supreme court of South Dakota in Fullerton v. Leonard, 3 S. D. 118, 52 N. W. 325, uses the following language: "It is the contract with the owners which is to govern the question before us. There was no separate contract with the several owners for the building of each house or the barn; nor was there, as disclosed from the complaint, a separate account for each building to be kept. But the contract was joint, and was for the entire work, and the contract with the subcontractor with the plaintiff was of the same nature. The material was to be furnished for all the buildings for the sum specified, and not

20 N. D.—27.

for each separately. It seems clear then, that as between the contractors and the owners, the buildings must be considered as one piece of work, and that the right to a joint lien can be maintained against all the buildings. The lien must have its foundation in the contract, and if the contract be joint, the lien must be joint, or not at all."

The lien must follow the contract, and no valid lien can be had against one particular lot or building. The plaintiff was entitled to a joint lien upon the building and both lots, but is not entitled to a separate lien upon one lot, and to portion of the building situated thereon. See § 6238, Rev. Codes 1905. If further authority is necessary, the following cases are in point: Phillips v. Gilbert, 101 U. S. 721, 25 L. ed. 833; Holland v. Cunliff, 96 Mo. App. 67, 69 S. W. 737; Lehmer v. Horton, 67 Neb. 574, 93 N. W. 964, 2 A. & E. Ann. Cas. 683; Seattle Lumber Co. v. Sweeney, 33 Wash. 691, 74 Pac. 1001; Phillips v. Salmon River Min. & Development Co. 9 Idaho, 149, 72 Pac. 886; Bowman Lumber Co. v. Newton, 72 Iowa, 90, 33 N. W. 377; Childs v. Anderson, 128 Mass. 108; Premier Steel Co. v. McElwaine-Richards Co. 144 Ind. 619, 43 N. E. 878; Willamette Mills Co. v. Shea, 24 Or. 40, 32 Pac. 762; Batchelder v. Rand, 117 Mass. 176; Eisenbeis v. Wakeman, 3 Wash. 534, 28 Pac. 923.

The fact that the complaint alleges that at the request of the defendant Hurd and said A. S. Blakey, and with the consent of the defendant J. A. Roell, and in consideration of the payment to him of the sum of $3,000 by the said A. S. Blakey, the plaintiff waived his lien upon the said lot 21 and the part of the said building thereon standing, does not help the plaintiff. No agreement or consent by Hurd, Blakey, or Roell is binding on the other defendants, who the plaintiff alleges claim some interest in the property.

The plaintiff not having any lien to foreclose, the complaint does not state facts sufficient to constitute a cause of action.

The orders appealed from are reversed, and the District Court is directed to enter orders sustaining each of said demurrers.

All concur, except MORGAN, Ch. J., not participating.