(No. 4556. June 2, 1927.)

BOISE-PAYETTE LUMBER COMPANY, a Corporation, Respondent, v. EARL FELT, MARGARET GEORGIA RICE, Executrix of the Estate of W. P. RICE, Deceased, MRS. W. P. RICE, C. M. SMITH and MRS. C. M. SMITH, His Wife, Appellants.

[258 Pac. 169.]

MECHANICS' LIENS—REPAIRS ON BUILDING—SEPARATE CONTRACTS—NO BLANKET LIEN.

Where persons each of whom separately owned one of the three sections of a building each separately contracted with contractor for repair of roof of his part, the materialman with whom the contractor contracted for material for the whole building for a lump sum could not have a blanket lien for the entire amount, the agency of the contractor, under C. S., sec. 7339, being limited and only authorizing the purchase of and creating a lien for materials reasonably necessary for the buildings, building or part of building embraced in single contract between him and the owner or owners.

Publisher's Note.
    See 18 R. C. L. 950.
    See Mechanics' Liens, 40 C. J., sec. 349, p. 280, n. 62, 63, 69, 70.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to foreclose materialman's lien. Judgment for plaintiff. *Reversed* as to appellants C. M. Smith, Mrs. C. M. Smith, Mrs. W. P. Rice and Margaret G. Rice, executrix; *affirmed* as modified as to Earl Felt.

S. T. Hamilton and Porter & Witham, for Appellants.

Where separate contracts are made with the original contractor by the respective owners of buildings on contiguous lots for the repair of the said buildings, a materialman's lien by a subcontractor cannot be sustained when filed as a blanket lien on all of said buildings, although the contract between the original contractor and subcontractor was an entirety. (*Beach v. Stamper,* 44 Or. 4, 102 Am. St. 597, 74 Pac. 208; C. S., sec. 7347; *Exchange National Bank of Tulsa v. Okeya Oil & Gas Co.,* 107 Okl. 62, 229 Pac. 765; *Smith v. Wilcox,* 44 Or. 323, 74 Pac. 708, 75 Pac. 711; *Crane Co. v. Erie Heating Co.,* 57 Or. 410, 112 Pac. 430; *Sheldon v. Chicago Bonding & Surety Co.,* 190 Iowa, 945, 181 N. W. 282.)

Where a portion of the indebtedness set out in a materialman's lien is not proper and the same is so intermingled with the remainder of the lien that it cannot be separated therefrom by an examination of the lien, then the entire lien is invalid. (*Boise-Payette Lbr. Co. v. McCornick,* 36 Ida. 788, 213 Pac. 1119; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Christman v. Salway,* 103 Or. 666, 205 Pac. 541; *McCormack v. Bertschinger,* 115 Or. 250, 237 Pac. 363.)

A decree providing for a foreclosure of a materialman's lien and a deficiency judgment is erroneous where the materials were furnished by a subcontractor under an agreement with the original contractor, as the property only is liable under such circumstances. (*Valley Lumber Co. v. Nicker-*

*son, supra;* C. S., sec. 7339; *McCormack v. Bertschinger, supra.*)

Where a materialman's lien fails to definitely and correctly state, if known, the names of the owners, it is invalid. (*White v. Mullins,* 3 Ida. 434, 31 Pac. 801; C. S., sec. 7346; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; 27 Cyc. 164–168.)

Bothwell & Chapman, for Respondent.

The respondent is entitled to a lien upon the entire building although this includes the property of several owners. (C. S., secs. 7339, 7344; 40 C. J. 279; 18 R. C. L. 950; *Sheldon v. Chicago Bonding & Surety Co.,* 190 Iowa, 945, 181 N. W. 282; *Christian v. Illinois Malleable Iron Co.,* 92 Ill. App. 320; *Miller v. Schmitt,* 67 N. Y. Supp. 1077; *Miller v. Shepard,* 50 Minn. 268, 52 N. W. 894; *Carter Lumber Co. v. Simpson,* 83 Tex. 370, 18 S. W. 812; *Blackwell v. Kercheval,* 27 Ida. 537, 149 Pac. 1060; *Bevercombe v. Denny & Co.,* 40 Ida. 34, 231 Pac. 427; *Heath v. Potlatch Lumber Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707; *Hammitt v. Virginia Min. Co.,* 32 Ida. 245, 181 Pac. 336; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Phillips v. Salmon River Min. etc. Co.,* 9 Ida. 149, 72 Pac. 886; *Armitage v. Bernheim,* 32 Ida. 594, 187 Pac. 938; *Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132.)

The evidence sufficiently shows that the material included in the claim of lien was used in the building. (*Sabin v. Burke,* 4 Ida. 28, 37 Pac. 352; *Heylman v. Idaho Cont. Min. Co.,* 43 Ida. 129, 250 Pac. 1081; *Rice v. Hodge,* 26 Kan. 164.)

"The rule that where, under an entire contract with the owners in severalty of contiguous lots, a single building is erected, a single mechanic's lien may be filed against the building, and the several lots, has the support of a number of authorities." (18 R. C. L. 950.)

"Where several buildings are constructed under one roof, and the materials for building them are furnished under one contract, it is unnecessary to apportion the lien among

different subdivisions of the ground on which the buildings are erected.'' (*Christian v. Illinois Malleable Iron Co.*, 92 Ill. App. 320.)

"All of the provisions of our mechanic's and laborer's lien law, as well as all other statutes, must be liberally construed, with a view to effect their objects and to promote justice.'' (*Phillips v. Salmon River. Min. etc. Co.*, 9 Ida. 149, 72 Pac. 886.)

"Lien statutes are remedial in character, and should be liberally construed in the interest of the laborer.'' (*Abernathy v. Peterson, supra.*)

McNAUGHTON, Commissioner.—Plaintiff had judgment in the trial court against defendants in the principal sum of $2,377.40 with interest amounting to $426.24, and attorney's fees in the sum of $300, and $1.50 fees for recording lien, amounting in all to $3,105.54, and by the judgment this amount was decreed a lien upon Lots 24, 25, 26 and 27 of Block 86, Twin Falls, Idaho.

Lots 24 and 25 were the community property of W. P. Rice and Mrs. W. P. Rice. Lot 26 was the property of C. M. Smith. Lot 27 was the property of appellant Mrs. C. M. Smith, wife of appellant, C. M. Smith. Appellant, Margaret Georgia Rice, executrix, has been substituted for W. P. Rice, deceased. Appellant, Earl Felt, is a building contractor, and contracted with the owners for the construction of the improvements involved, and purchased the materials on account of which this suit was brought.

In this case we find no conflict in the evidence. It is, as we view it, entirely a question of law growing out of business relations among the parties to the action.

In 1912, a two-story brick building was erected by C. M. Smith and W. P. Rice on the center lots, 25 and 26. The ground floor was occupied by business firms, and the second floor consisted of a hall, known as Cotillion Hall. There were offices in the front part of the building and a common entrance, in about the center of the building, lead to the second floor.

In 1913 Mrs. Smith improved her lot, 27, by constructing a two-story building upon it. The ground floor was occupied by the United Stores Company. The second floor was occupied with offices. The central entrance and hallway in the Cotillion Building were used by her tenants.

In 1914 a two-story building was constructed by Mr. Rice on Lot 24. The second floor was apportioned and used very much the same as Mrs. Smith's.

In 1920 a fire destroyed the upper story of all these buildings. Plans were prepared by an architect for their replacement. The old plan of the second floor was somewhat altered by the new one. The change consisted principally in eliminating Cotillion Hall and occupying that space with offices. The reconstruction was by contract and bids therefor were asked by the architect. In this behalf, Mr. Felt, one of the appellants, and the contractor for the reconstruction, testified:

"I entered into, the way I understood it, three different contracts; the architect, in calling for bids, asked for three different bids; one was on one part of the building, another on another part of the building, and another bid was on a third part of the building, as I understood it, on account of the different ownerships; . . . . Approximately, the work on the Cotillion Hall building amounted to about $7000, and the work for Mr. Smith on the building to the right about $3000, approximately, and the work for Mr. Rice on the building to the left, approximately $4000."

After entering into these contracts Mr. Felt submitted an estimate of the materials needed for the whole work to the lumber company as one job, and the latter gave him a lump sum price which was agreed to. The contractor paid $3,055.55 on the material account, leaving an unpaid balance of $2,377.40. The lumber company claimed and filed notice of lien in a lump sum against all the owners, and against all the property as one building. This action is for the foreclosure of that lien claim.

In effect, by the second and fourth assignments, appellants specify as error the finding and holding by the court

that the owners were bound by the contract made between the contractor and the lumber company; and failing to find that the improvements were made under three separate contracts between the contractor and the different owners respectively.

Upon examination of the record, we think the trial court disregarded the nature and effect of the contract between the respective owners and the contractor, and held all the owners liable to the lumber company under the lien law in the entire amount by virtue of the contractor purchasing his materials for this work in a lump amount, and the material being used in what might be considered a single building.

C. S., sec. 7339, so far as applicable here, provides:

"Every person . . . . furnishing materials to be used in the construction, alteration or repair of any . . . . building . . . . or any other structure . . . . has a lien upon the same for the work and labor done, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge . . . . of the construction, alteration and repair, either in whole or in part . . . . shall be held to be the agent of the owner for the purpose of this chapter."

The only authority to charge the owner and the property, under the lien law, for materials purchased by the contractor, is under this section. The nature and the extent of the contractor's authority under this section was before this court in *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24, wherein it was held that the agency was a limited one only authorizing the purchase of, and creating a lien for materials reasonably necessary for the owner's building. In this connection, Ailshie, C. J., at p. 691, said:

"By section 1 of our lien law, the 'contractor . . . . shall be held to be the agent of the owner for the purposes of this chapter.' The contractor is a special agent for this purpose only, and the materialman must take notice of the limitations of the agency. It extends only to the purchase

of material reasonably necessary out of which to build the structure in accordance with contract entered into between the owner and the builder.''

So far as we can ascertain, the authorities are in accord with this view, and especially so when separate ownerships are involved as in this case. *Valley Lumber Co. v. Driessel,* 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299, is not in point, for in that case there were no separate ownerships or different contracting parties. The reported cases hold without exception that in cases like this the contract pursuant to which the improvement is made is the controlling matter in determining what the lien may cover, not the architectural features of the structure or the manner in which the contractor purchased his materials. That is to say, where several owners jointly, as a whole, contract for the construction of detached or semi-detached houses or blocks on their several lots, the lien may follow the contract and attach to the property in common, that is, as a whole, just as the owners contracted. On the other hand, if the owners contract for the construction on their properties separately, then the lien will follow the contract and treat the construction in severalty and attach to the different parts separately for the materials used in such parts only. (*Phillips v. Gilbert,* 101 U. S. 721, 25 L. ed. 833; *Badger Lbr. Co. v. Stepp,* 157 Mo. 366, 57 S. W. 1059, 30 L. R. A., N. S., 1219; *Beach v. Stamper,* 40 Or. 4, 102 Am. St. 497, 74 Pac. 208; *Crane Co. v. Erie Heating Co.,* 57 Or. 410, 112 Pac. 430; *Stoltz v. Hurd,* 20 N. D. 412, Ann. Cas. 1912C, 871, 128 N. W. 115, 18 R. C. L. 950, sec. 88, and cases cited; 40 C. J. 279, sec. 349, and cases cited.)

It appears that Mr. Smith represented his wife in treating with the contractor, but we think that a matter of no consequence under the rule. Her bid and contract were separate.

We conclude that the record discloses without conflict in the evidence that the contracts entered into by the owners for the construction were in severalty for the different por-

tions, and therefore the contractor had no power, directly or indirectly, to bind Mrs. Smith or her property for material going into the central portion of the building or into the Rice property; and by the same reasoning, he had no power to bind Mr. Rice or his property for material used in the Smith property, or to bind the central portion for material going into Mrs. Smith's property. We think respondent was not entitled to a blanket lien.

As this view, under the foregoing assignments, disposes of the case, we deem it unnecessary to discuss the other assignments.

We recommend that the judgment be reversed as to appellants, Mrs. C. M. Smith, Mr. C. M. Smith, Mrs. W. P. Rice and Margaret Georgia Rice, executrix, and the complaint and the claim of lien against their said property be dismissed as adjudicated; and that the judgment, upon being modified by striking the item of $300 for attorney's fees and $1.50 for recording lien, be affirmed as to appellant, Earl Felt, in the sum of $2,803.64. Costs to appellants.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.